# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

BRITTNEY MCDOUGLE, INDIVIDUALLY, AND
ON BEHALF OF THE HEIRS
AND WRONGFUL DEATH BENEFICIARIES
OF MICHAEL D. MCDOUGLE, SR., DECEASED           PLAINTIFFS

V.                        CIVIL ACTION NO. 3:15-cv-00350-CWR-FKB

NESHOBA COUNTY, MS, SHERIFF TOMMY WADDELL,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,
CITY OF PHILADELPHIA, MS, CHIEF GRANT MEYERS,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,
AND OFFICERS BRAD CROCKETT, ERIC LOWDNES,
BRAD POE, AND "JOHN DOES 1-6", ALL IN
THEIR INDIVIDUAL AND OFFICIAL CAPACITIES        DEFENDANTS

## AMENDED COMPLAINT
### (JURY TRIAL DEMANDED)

COME NOW Plaintiffs BRITTNEY MCDOUGLE, INDIVIDUALLY, AND ON BEHALF OF THE HEIRS AND WRONGFUL DEATH BENEFICIARIES OF MICHAEL D. MCDOUGLE, SR., DECEASED (hereinafter Plaintiffs), by and through their attorneys of record, and file this, their COMPLAINT, and would allege the following:

### PARTIES

1. Plaintiff Brittney McDougle is an adult resident citizen of Mississippi, residing at 278 West Atkins Street, Philadelphia, MS.

2. Defendant Neshoba County (hereinafter Defendant County) is county entity that may be served with process by service upon Guy Nowell, Chancery Clerk, at the office of the Chancery Clerk, located at 401 E. Beacon Street, Suite 107, Philadelphia, Mississippi 39350.

3. Defendant Sheriff Tommy Waddell (hereinafter Defendant Waddell) is an adult resident citizen of Mississippi, employed with the Neshoba County Sheriff's Department, and can be served with process at 401 Beacon Street, Suite 108, Philadelphia, MS 39350.

4. Defendant City of Philadelphia, MS (Defendant City) is a municipal entity that may be served with process by service upon James Johnson, City Clerk, located at 525 Main Street, Philadelphia, Mississippi 39350.

5. Defendant Chief Grant Meyers (hereinafter Defendant Meyers) is an adult resident citizen of Mississippi, employed with the City of Philadelphia Police Department, and can be served with process at 523 Main Street, Philadelphia, Mississippi 39350.

6. Defendant Officer Brad Crockett (hereinafter Defendant Crockett) is an adult resident citizen of Mississippi, employed with the City of Philadelphia Police Department, and can be served with process at 523 Main Street, Philadelphia, Mississippi 39350.

7. Defendant Officer Eric Lowdnes (hereinafter Defendant Lowdnes) is an adult resident citizen of Mississippi, employed with the City of Philadelphia Police Department, and can be served with process at 523 Main Street, Philadelphia, Mississippi 39350.

8. Defendant Officer Brad Poe (hereinafter Defendant Poe) is an adult resident citizen of Mississippi, employed with the City of Philadelphia Police Department, and can be served with process at 523 Main Street, Philadelphia, Mississippi 39350.

9. Defendant Officer John Doe 1 (hereinafter Defendant Doe 1) is an adult resident citizen of Mississippi, employed with the City of Philadelphia Police Department whose true identity is unknown currently, and can be served with process at 523 Main Street, Philadelphia, Mississippi 39350.

10. Defendant Jailers John Does 2-6 (hereinafter Defendant Jailer Does 2-6) are adult resident citizens of Mississippi, employed with the Neshoba County Sheriff's Department whose true identities are currently unknown, and can be served with process at 401 Beacon Street, Suite 108, Philadelphia, MS 39350.

## JURISDICTION

11. This court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled in Mississippi.

12. This court has subject matter jurisdiction pursuant to 28 USC 1331, as the events giving rise to this action involve a federal question.

## VENUE

13. Venue is proper in this Court pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Neshoba County, Mississippi, which is located within the Southern District of Mississippi.

## UNDERLYING FACTS

14. On or about November 1, 2014, Michael D. McDougle, Sr. was arrested in Philadelphia, MS. While under arrest and handcuffed, McDougle, Sr. was brutally beaten by Defendant Officers employed by the City of Philadelphia.

15. McDougle, Sr. was transported to the Neshoba County Jail in Philadelphia, MS. While in handcuffs, McDougle, Sr. was beaten and tasered by Defendant Jailer Does 2-6.

16. Subsequently, while still in police custody, McDougle, Sr. was found dead on November 2, 2014 at the Neshoba County Jail. A subsequent autopsy report revealed that McDougle, Sr. died of head trauma.

17. As a result of the foregoing, Plaintiffs were caused to suffer physical, mental, and emotional injuries.

## COUNT ONE
## CONSTITUTIONAL VIOLATIONS PURSUANT TO 42 U.S.C.A. § 1983, DUE TO PATTERNS, POLICIES, PRACTICES AND/OR CUSTOMS OF SUBJECT GOVERNMENTAL ENTITIES

18. The Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

19. The Plaintiffs allege that Defendants Neshoba County and City of Philadelphia, MS are liable for violating McDougle's constitutional rights, pursuant to § 1983, as said governmental entities violated McDougle, Sr.'s constitutional rights via: (1) official policies or customs, of which (2) said Defendants had actual or constructive knowledge, and (3) said policies, customs, and/or practices were the "moving force" of the constitutional violations.

20. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, to the disregard and detriment of McDougle, Sr.

21. As a direct and proximate result of Defendants' acts of reckless disregard, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT TWO
## CIVIL ASSAULT AND BATTERY

22. The Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

23. The Defendants are liable for civil assault and battery. The Plaintiffs allege that the aforementioned Defendants, with reckless disregard, inflicted physical pain upon McDougle, Sr., by attacking him and tasering him while handcuffed, causing harm to his person. The aforementioned Defendants have caused Plaintiffs to suffer from emotional problems and mental anxiety, as well as, pain and suffering.

24. The reprehensible acts of the Defendants demonstrate reckless disregard for the safety and well-being of McDougle, Sr., who was not engaged in criminal activity at the time of his injuries.

25. As a direct and proximate result of aforementioned Defendants' acts of reckless disregard, Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT THREE
## VIOLATION OF EQUAL PROTECTION,
## CIVIL RIGHTS LAWS UNDER 42 U.S.C. Section 1983 and 28 U.S.C.
## Section 1343 et al

26. The Plaintiffs incorporate and adopts all prior paragraphs, averments, and statements.

27. Plaintiffs would show unto the Court that the Defendants intentionally,

recklessly, and with a reckless disregard for McDougle, Sr.'s rights took actions to deprive McDougle, Sr. of his due process rights under federal laws, equal protection rights under federal laws, and violated other of McDougle, Sr.'s civil rights under federal laws.

28. The Plaintiffs suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

29. McDougle, Sr.'s right to due process was denied and he suffered damages as a result of being denied medical care for the injuries he suffered a the hands of the Defendant Officers and Jailers.

30. Plaintiffs would show unto the Court that the Defendants acted with deliberate indifference to McDougle, Sr.'s need for medical care, in violation of his rights under the Eighth Amendment.

## COUNT FOUR
## EXCESSIVE FORCE

31. The Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

32. Plaintiffs would show unto the Court that the Defendants took actions to deprive McDougle, Sr. of his Fourth Amendment protection against excessive force.

33. The force used by the Defendant Officers was excessive to the need, and not objectively reasonable under the circumstances.

## COUNT FIVE
## WRONGFUL DEATH

34. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

35. As a direct and proximate result of Defendants' negligence, carelessness, and/or reckless disregard as described above, Michael McDougle, Sr., sustained injuries which proximately caused his death on November 2, 2014.

36. As the direct and proximate result of the foregoing, and the death of Michael McDougle, Sr., Plaintiffs have been deprived of their kind and loving husband and father's, Michael McDougle, Sr., care, comfort, society, protection, love, companionship, affection, solace, moral support, and/or physical assistance in the operation and maintenance of the home. McDougle, Sr. also experienced pre-death pain and suffering prior to expiring from the blows to his head by Defendants.

## PRAYER FOR APPROPRIATE RELIEF

37. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

38. As a result of the acts of the Defendants named herein whether intentional, as a result of negligence, gross negligence, negligence per se or reckless disregard for the safety and well-being of decedent, Plaintiffs have suffered severe damages for which the Defendants should be held jointly and vicariously liable.

39. All Defendants are jointly and severally liable to the Plaintiffs for the following damages: past, present and future pain, suffering and mental and emotional

anguish; past, present and future loss of mobility and capacity; loss of enjoyment of life's normal activities; loss of society, lost wages, loss of wage earning capacity, loss of consortium, and all other damages to be proved at trial.

40. The Plaintiffs bring this action against all Defendants and demand judgment and compensatory damages as a result of the acts of reckless disregard, for an amount to be determined by this Court.

41. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of Plaintiffs, and others similarly situated, as to amount to willful, wanton and/or intentional misconduct, thereby entitling Plaintiffs to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiffs respectfully pray for judgment against all Defendants including compensatory damages, Veasley damages, punitive damages, permanent injunction, any and all damages allowed by federal law, attorney's fees, pre-judgment interest, post judgment interest, and all costs of this proceeding, with such final amount being at least $10,000,000.00.

This the 11th day of May, 2015.

    RESPECTFULLY SUBMITTED,
    BRITTNEY MCDOUGLE, ET AL.
    PLAINTIFFS

    By: /s Tangala L. Hollis
    CARLOS E. MOORE, MSB #100685
    TANGALA L. HOLLIS, MSB#103301
    COUNSEL FOR PLAINTIFFS

OF COUNSEL:

**MOORE LAW GROUP, P.C.**
306 Branscome Drive
P.O. BOX 1487
GRENADA, MS 38902
(662)227-9940 (PHONE)
(662)227-9941(FAX)
carlos@carlosmoorelaw.com
tangala@carlosmoorelaw.com