IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRITTNEY MCDOUGLE, INDIVIDUALLY, AND
ON BEHALF OF THE HEIRS
AND WRONGFUL DEATH BENEFICIARIES
OF MICHAEL D. MCDOUGLE, SR., DECEASED                     PLAINTIFF

VS.                                CIVIL ACTION NO. 3:15-cv-00350-CWR-FKB

NESHOBA COUNTY, MISSISSIPPI, ET AL.                       DEFENDANTS

### ANSWER AND DEFENSES OF DEFENDANTS
### TOMMY WADDELL AND NESHOBA COUNTY, MISSISSIPPI

COME NOW Defendants Tommy Waddell, in his individual and official capacities, and Neshoba County, Mississippi, and respond to the Plaintiff's Amended Complaint [3], as follows:

### FIRST DEFENSE

The Amended Complaint filed herein against these Defendants fails to state a claim upon which relief may be granted against them and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. These Defendants further raise all other defenses available to them pursuant to Rule 12(b)(1) through (7) of the Federal Rules of Civil Procedure, and move to dismiss thereto as applicable.

### SECOND DEFENSE

With respect to any state law claims asserted against these Defendants in Plaintiff's Amended Complaint, if any, these Defendants invoke the provisions of MISS. CODE ANN. § 11-46-1, *et seq.*, referred to as the Mississippi Tort Claims Act and all the privileges, defenses and immunities afforded them therein. Such protections under the MTCA include, but are not limited to, provision of a bench trial for all claims governed by the MTCA and the prohibition of punitive damages.

Defendants also assert immunity under MISS. CODE ANN. §§ 11-46-9(1)(c), -(d), and -(m), and any other provision of the MTCA which provides them with immunity from suit.

### THIRD DEFENSE

Plaintiff failed to provide these Defendants with proper notice of his claim as required by MISS. CODE ANN. § 11-46-11, and, therefore, his claims asserted against these Defendants under state law are barred and should be dismissed.

### FOURTH DEFENSE

### ANSWER

Without waiving the right to be heard on the foregoing defenses, these Defendants respond to the Plaintiff's Amended Complaint against them, paragraph by paragraph, as follows:

PARTIES

1. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint, and, therefore, can neither admit nor deny the same at this time.

2. Admitted.

3. It is admitted that Tommy Waddell is the duly elected sheriff of Neshoba County, Mississippi. The remaining allegations contained in Paragraph 3 of the Amended Complaint are denied as stated, and it is denied that Sheriff Waddell is a proper party to this matter.

4. The allegations contained in Paragraph 4 of the Amended Complaint are not directed to these Defendants and no response is required.

5. The allegations contained in Paragraph 5 of the Amended Complaint are not directed to these Defendants and no response is required.

6. The allegations contained in Paragraph 6 of the Amended Complaint are not directed to these Defendants and no response is required.

7. The allegations contained in Paragraph 7 of the Amended Complaint are not directed to these Defendants and no response is required.

8. The allegations contained in Paragraph 8 of the Amended Complaint are not directed to these Defendants and no response is required.

9. The allegations contained in Paragraph 9 of the Amended Complaint are not directed to these Defendants and no response is required.

10. The allegations contained in Paragraph 10 of the Amended Complaint do not appear to be directed to these Defendants and no response is required. To the extent the allegations in Paragraph 10 implicate any liability as to these Defendants, the same are denied.

## JURISDICTION

11. Denied as stated.

12. Denied as stated.

## VENUE

13. Denied as stated.

## UNDERLYING FACTS

14. It is admitted that Michael D. McDougle, was arrested by the Philadelphia Police Department on November 1, 2014. The remaining allegations contained in Paragraph 14 of the Amended Complaint are denied.

15. It is admitted that Michael D. McDougle, was transported by the Philadelphia Police Department to the Neshoba County Jail. The remaining allegations contained in Paragraph 15 of the Amended Complaint are denied.

16. It is admitted that Michael D. McDougle was found dead in his cell at the Neshoba County Jail on November 2, 2014. The remaining allegations contained in Paragraph 16 of the Amended Complaint are denied.

17. Denied.

## COUNT ONE
### CONSTITUTIONAL VIOLATIONS PURSUANT TO 42 U.S.C.A. § 1983, DUE TO PATTERNS, POLICIES, PRACTICES AND/OR CUSTOMS OF SUBJECT GOVERNMENTAL ENTITIES

18. These Defendants adopt and incorporate their responses to Paragraphs 1 through 17 as if fully set forth herein and deny all liability in the premises.

19. Denied.

20. Denied.

21. Denied.

## COUNT TWO
### CIVIL ASSAULT AND BATTERY

22. These Defendants adopt and incorporate their responses to Paragraphs 1 through 21 as if fully set forth herein and deny all liability in the premises.

23. Denied.

24. Denied.

25. Denied.

## COUNT THREE
## VIOLATION OF EQUAL PROTECTION,
## CIVIL RIGHTS LAWS UNDER 42 U.S.C. § 1983 AND 28 U.S.C. § 1343, ET AL.

26. These Defendants adopt and incorporate their responses to Paragraphs 1 through 25 as if fully set forth herein and deny all liability in the premises.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT FOUR
## EXCESSIVE FORCE

31. These Defendants adopt and incorporate their responses to Paragraphs 1 through 30 as if fully set forth herein and deny all liability in the premises.

32. Denied.

33. Denied.

## COUNT FIVE
## WRONGFUL DEATH

34. These Defendants adopt and incorporate their responses to Paragraphs 1 through 34 as if fully set forth herein and deny all liability in the premises.

35. Denied.

36. Denied.

## PRAYER FOR APPROPRIATE RELIEF

37. These Defendants adopt and incorporate their responses to Paragraphs 1 through 36 as if fully set forth herein and deny all liability in the premises.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

In response to the last unnumbered paragraph of the Amended Complaint beginning with "WHEREFORE," these Defendants deny that Plaintiff is entitled to the relief sought or any relief whatsoever from them, and they deny all liability in the premises.

## FIFTH DEFENSE

AND NOW, having responded to the allegations of the Plaintiff's Amended Complaint, and having denied all liability in the premises, these Defendants would show unto the Court the following special and affirmative matters:

## FIRST AFFIRMATIVE DEFENSE

These Defendants deny each and every allegation in the Amended Complaint by which the Plaintiff seeks to impose liability upon them.

## SECOND AFFIRMATIVE DEFENSE

At all relevant times, Michael D. McDougle was provided with care, custody, and security which was, at a minimum, adequate under the standards of the Constitution of the United States, including the Fourteenth Amendment, as well as the Constitution and Laws of the State of Mississippi.

## THIRD AFFIRMATIVE DEFENSE

These Defendants, at all times complained of herein, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate

indifference, without any intent to cause harm, and these Defendants are not guilty of any tortious conduct or omission. The actions taken by these Defendants were taken in good faith and in good faith reliance upon then-existing law.

## FOURTH AFFIRMATIVE DEFENSE

No rights, liberties, privileges, or constitutional rights were violated by these Defendants in any way. All applicable guidelines, rules, and policies were followed and complied with.

## FIFTH AFFIRMATIVE DEFENSE

These Defendants would affirmatively show that the sole proximate cause of the alleged damages and injuries of the Plaintiff, were the actions of Michael D. McDougle. Alternatively, the actions or omissions of Michael D. McDougle, were a proximate contributing cause which must be dealt with according to the Mississippi Law of Comparative Negligence.

## SIXTH AFFIRMATIVE DEFENSE

These Defendants would affirmatively show that the incident in question and alleged injuries, if any, were caused by the acts or omissions of others for whom these Defendants have no liability or responsibility and specifically plead the provisions of MISS. CODE ANN. § 85-5-7.

## SEVENTH AFFIRMATIVE DEFENSE

These Defendants are entitled to qualified immunity or absolute immunity from suit and/or liability herein. Defendants are entitled to, and hereby assert all rights, privileges, and immunities otherwise available to a governmental or state actors.

## EIGHTH AFFIRMATIVE DEFENSE

These Defendants would show that they did not violate any clearly established statutory or constitutional rights of Plaintiff or the decedent, determined by the standard of objective reasonableness measured by reference to clearly established law.

### NINTH AFFIRMATIVE DEFENSE

At all times complained of, these Defendants acted both reasonably and prudently and in the exercise of legitimate and lawful justification. Further, the conduct of these Defendants, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983.

### TENTH AFFIRMATIVE DEFENSE

To the extent the Amended Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983, the Amended Complaint fails to state a claim upon which relief can be granted against these Defendants and should be dismissed with prejudice.

### ELEVENTH AFFIRMATIVE DEFENSE

These Defendants possess immunity from Plaintiff's claims against them and specifically assert all rights, defenses, privileges, and immunities available to them under applicable state and federal law. These Defendants invoke and assert all rights, privileges and immunities available to them as set forth in the United States Constitution and/or Mississippi Constitution and supporting/interpretive federal or state common law.

### TWELFTH AFFIRMATIVE DEFENSE

Neither Plaintiff nor the decedent suffered any loss or deprivation of any rights, privileges, or immunities afforded to them by the United States Constitution or applicable federal or state law.

### THIRTEENTH AFFIRMATIVE DEFENSE

These Defendants cannot be held liable under 42 U.S.C. § 1983 for the alleged acts or omissions of others under the theory of *respondeat superior*.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any injury, loss, or deprivation to Plaintiff or the decedent, if any, was not proximately caused by any official policy, practice, or custom of Neshoba County, Mississippi. Plaintiff's alleged loss, damage or deprivation was not the proximate result of the execution of any official governmental policy, custom or practice attributable to these Defendants. The policies and procedures of Neshoba County, Mississippi, are consistent with clearly established law.

## FIFTEENTH AFFIRMATIVE DEFENSE

These Defendants invoke and assert all protections, defenses and limitations and caps set forth in the Mississippi Tort Claims Act and the Mississippi Tort Reform Act, as codified at MISS. CODE ANN. § 11-46-1, *et seq.*, and § 11-1-60.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant Tommy Waddell is entitled to qualified immunity as to the federal claims asserted against him in his individual capacity. More specifically, Sheriff Waddell affirmatively asserts that the Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right, and, at all times, his conduct was objectively reasonable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Amended Complaint purports to state a cause of action against these Defendants based upon any state law theory, these Defendants possess sovereign immunity pursuant to and as set forth in MISS. CODE ANN. § 11-46-1, *et seq.*, by virtue of the performance of an inherently governmental and public function for which immunity has been recognized, historically,

at common law, including but not limited to the immunity afforded Defendants under MISS. CODE ANN. § 11-46-9(1)(c), -(d), and -(m).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no right to trial by jury on any state law claims against these Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

If Michael D. McDougle suffered any injury as a result of the actions of these Defendants – which is denied – the same was *de minimus* and Plaintiff's claim must be dismissed.

## TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiff has a duty to use reasonable care to mitigate damages, and any damages that could have been mitigated by the use of reasonable care, and were not, are not recoverable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Michael D. McDougle may have suffered from pre-existing conditions not caused or contributed to by the alleged acts or omissions of these Defendants, and such damages are not recoverable herein.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Punitive damages are not cognizable against these Defendants under Section 1983 or the Mississippi Tort Claims Act. These Defendants further invoke the safeguards of the equal protection and due process clauses of the United States Constitution, Article Three, Section Fourteen, of the Mississippi Constitution, the provisions of MISS. CODE ANN. § 11-1-65, § 11-46-15(2), and the Rooker-Feldman doctrine as a bar to recovery of punitive damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

These Defendants incorporate by reference any and all limitations regarding the enforceability and the constitutionality of punitive damages awards as set forth in *BMW of America v. Gore*, 116 U.S. 1589 (1996), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). The imposition of punitive damages violates various articles and sections of the Mississippi Constitution and the United States Constitution including the due process clause, excessive fines, and the standards are not clear and, therefore, the imposition of punitive damages against this Defendant is constitutionally vague and overly broad and violates the 8th and 14th Amendments of the Constitution of the United States of America and Article 3 and various sections thereunder of the Mississippi Constitution. Further, certain damages sought by Plaintiff and the imposition thereof would violate the 5th and 14th Amendments of the United States Constitution and the corresponding provisions of the Mississippi Constitution.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The allegations contained in Plaintiff's Complaint may be barred by the applicable statute of limitations.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

These Defendants plead credit or set off for any amounts paid to the Plaintiff with regard to her claims.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

These Defendants assert all rights, defenses, and limitations on recovery of damages set forth in MISS. CODE ANN. § 11-7-13 regarding wrongful death actions.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

These Defendants reserve the right to amend their answer and defenses and plead any additional defenses which may become apparent following the completion of additional discovery and/or other investigation.

WHEREFORE, PREMISES CONSIDERED, Defendants Tommy Waddell, in his individual and official capacities, and Neshoba County, Mississippi, deny that Plaintiff is entitled to any relief whatsoever from them, and respectfully request Plaintiff's Amended Complaint and this civil action against them be dismissed with prejudice, with all costs assessed against Plaintiff, together with such other relief as this Court deems proper.

Respectfully submitted, this 5th day of June, 2015.

BY: /s/ *Steven J. Griffin*
OF COUNSEL

ROY A. SMITH, JR. - BAR # 7599
rsmith@danielcoker.com
STEVEN J. GRIFFIN - BAR # 103218
sgriffin@danielcoker.com
DANIEL, COKER, HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

# CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Carlos Moore, Esq.
carlos@carlosmoorelaw.com

Tangala Hollis, Esq.
tangala@carlosmoorelaw.com

***Attorneys for Plaintiff***

John D. Price, Esq.
jdp@wisecarter.com

***Attorney for City of Philadelphia, Chief Grant Myers, Brad Crockett, Eric Lyons, and Brandon Pope***

This the 5th day of June, 2015.

/s/ *Steven J. Griffin*