IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BRITTNEY MCDOUGLE,** *individually and*                                      **PLAINTIFF**
*on behalf of the heirs and wrongful death*
*beneficiaries of Michael D. McDougle, Sr.,*
*deceased*

**V.**                                      **CAUSE NO. 3:15-CV-350-CWR-FKB**

**NESHOBA COUNTY, MISSISSIPPI,**                                  **DEFENDANTS**
**ET AL.**

## ORDER

Before the Court are two motions for summary judgment filed by various defendants and two motions for additional discovery filed by the plaintiff. A hearing was held on the first three motions on October 21, 2015; the plaintiff's second motion for discovery was filed shortly thereafter. The Court has considered the arguments and applicable law, and is ready to rule.

**I.**      **Background**

On November 1, 2014, Michael McDougle was subdued and arrested by City of Philadelphia police officers. The next morning he was found dead in his cell in the Neshoba County Jail. An autopsy concluded that McDougle died from head trauma and mixed drug toxicity.

Brittney McDougle subsequently filed this suit against the City of Philadelphia, four of its police officers, Neshoba County, and the County Sheriff. She alleged that Michael McDougle was, while handcuffed, "brutally beaten" by city police and "beaten and tasered" [sic] by county jailers. She asserted claims for wrongful death, deprivation of civil rights, and other torts under 42 U.S.C. § 1983 and the Mississippi Tort Claims Act.

At the Case Management Conference, the defendants expressed to the Magistrate Judge their desire to file qualified immunity motions. *See* Text-Only Order of Aug. 17, 2015. All discovery was immediately stayed by operation of Local Uniform Civil Rule 16(b)(3)(B). *Id.* The defendants' motions for summary judgment followed.

The Court will begin with the plaintiff's second motion for additional discovery, which was brought pursuant to Federal Rule of Civil Procedure 56(d).

## II.   Legal Standard

Rule 56(d) states the following: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Rule 56(d) motions "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quotation marks and citation omitted). Under the Rule, a party is "entitled to receive a continuance for additional discovery" if it: (i) requests extended discovery prior to the court's ruling on summary judgment; (ii) places the district court on notice that further discovery pertaining to the summary judgment motion is being sought; and (iii) demonstrates to the district court with reasonable specificity how the requested discovery pertains to the pending motion. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994).

"Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment

motions that they cannot adequately oppose." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quotation marks and citation omitted).

**III.    Discussion**

The defendants have not responded to the Rule 56(d) motion in more than two months, so the motion could be granted as unopposed under Local Rule 7(b)(3)(E). Nevertheless, the defendants did argue at the October 2015 hearing that they opposed discovery because the plaintiff's first motion seeking discovery was filed one week after the briefing closed.

The objection will be overruled. The applicable legal standard suggests that a Rule 56(d) motion is timely if it is filed before the Court rules on summary judgment. *See Enplanar*, 11 F.3d at 1291. That was satisfied here on November 2, 2015, the date the plaintiff filed her Rule 56(d) motion.[1] At that time no summary judgment ruling had been issued, the Court was on notice (in several different ways) that additional discovery was sought, and plaintiff's counsel had attached a declaration with very specific details about the discovery he believed necessary before summary judgment could fairly be taken up. Given these facts and the relatively generous Rule 56(d) standard, the plaintiff's motion is due to be granted. *See Biles*, 714 F.3d at 894.

Two final, practical considerations must also be mentioned.

At the beginning of this case, when the defendants notified the Magistrate Judge that they intended to file qualified immunity motions, one would have expected those motions to seek dismissal, not summary judgment. Summary judgment would be atypical because no discovery had been permitted to take place: the plaintiff could not take discovery *before* the CMC, per Local Rule 26(a)(4), and could not take discovery *after* the defendants' statements during the CMC, per Local Rule 16(b)(3)(B). At least in these circumstances, then, where the defendants sought an early summary judgment *based on evidentiary arguments*, there was no way for the

---

[1] The plaintiff's first motion for discovery, Docket No. 36, failed to comply with Rule 56(d), and is therefore denied.

plaintiff to test the evidence submitted by the defendants and their employees.[2] Rather, the defendants could use the automatic stay of discovery to gather evidence from their own records and employees, while the plaintiff was prohibited from taking discovery to learn even simple things like who was on duty at the jail the night McDougal died. That is not fair play.

Also concerning is what happened next. Confronted with an argument that she lacked evidence sufficient to overcome qualified immunity, the plaintiff (through counsel) quickly gathered an affidavit from purported eyewitness David Spivey, a jail trusty present the night Michael McDougle died. On its face, the affidavit may have indicated a fact dispute on excessive force and deliberate indifference. Docket No. 29. Approximately a month later, however, after their reply briefs had been filed, the defendants located Spivey and got him to recant via another affidavit. Docket No. 37-1. Mere hours after that affidavit was filed – at 11:00 P.M. the night before the hearing – plaintiff's counsel emailed chambers with two links to earlier news videos of Spivey which bolstered his *original* affidavit. And before 8:30 A.M. the day of the hearing, defense counsel responded by email with yet another recorded interview of Spivey (this one conducted by the defendant's in-house attorney) which allegedly was consistent with Spivey's second affidavit. We therefore had five statements from this witness as developed by three sources: plaintiff's counsel, defense counsel, and the media. The record was a moving target.

With respect, this kind of evidentiary presentation was unseemly. The discovery period is the appropriate time to gather, exchange, and analyze statements. They then can be submitted to the Court at summary judgment in a comprehensive filing with appropriate briefing. And

---

[2] This evidence is essential to resolve fact-intensive qualified immunity motions. *See Hinojosa v. Livingston*, 807 F.3d 657 (5th Cir. 2015) ("The factual questions of what Defendants knew, when they knew it, and whether they investigated and considered possible remedial measures, are undoubtedly necessary to answer before determining whether Defendants acted reasonably in light of clearly established law.").

witnesses like Spivey should be deposed so all may know (and impeach, if so desired) their true testimony, not the "testimony" as drafted beforehand by the attorneys.

## IV.     Conclusion

The plaintiff's Rule 56(d) motion is granted. By January 14, 2016, the parties should contact the Magistrate Judge's chambers to obtain a Scheduling Order. This renders moot the defendants' motions for summary judgment. They may be refiled at an appropriate time.

Although limited discovery appears to be necessary on at least some of the plaintiff's federal claims[3], and therefore a Scheduling Order should issue, the Court will entertain immediate motions to dismiss for failure to state a claim or motions for summary judgment predicated on evidence which already should have been exchanged. If, for example, the defendants persist in their argument that the plaintiff failed to follow the Notice of Claim requirements of the MTCA, they may submit an early dispositive motion on that subject with customary, limited evidence. Such motions are due on or before February 8, 2016.

**SO ORDERED**, this the 7th day of January, 2016.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[3] At the hearing, counsel for plaintiff seemed to agree that it may be appropriate to dismiss some of the supervisory defendants. The Scheduling Order will contain a date by which the plaintiff may amend her complaint to remove such defendants.