# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

BRITTNEY MCDOUGLE, INDIVIDUALLY,
AND ON BEHALF OF THE HEIRS AND
WRONGFUL DEATH BENEFICIARIES
OF MICHAEL D. MCDOUGLE, SR., DECEASED,
AND THE ESTATE OF MICHAEL MCDOUGLE,
THROUGH MARY MCDOUGLE, ADMINISTRATOR
OF ESTATE                                                                                          PLAINTIFFS

V.                                         CIVIL ACTION NO. 3:15-cv-00350-CWR-FKB

NESHOBA COUNTY, MS, SHERIFF TOMMY WADDELL,
IN HIS OFFICIAL CAPACITY, CITY OF PHILADELPHIA,
MS, CHIEF GRANT MEYERS, IN HIS OFFICIAL
CAPACITY, AND OFFICERS BRAD CROCKETT,
ERIC LOWDNES, BRANDON POPE, JOSH RAY, JAILERS
AMANDA MONK, EVELYN MCBEATH, HARVEY HICKMAN,
BURTON O'BERRY, JAMIE HUTCHESON, AND JOEY CURRY, ALL IN
THEIR INDIVIDUAL AND OFFICIAL CAPACITIES                    DEFENDANTS

**PLAINTIFFS' FOURTH AMENDED COMPLAINT**
(JURY TRIAL DEMANDED)

COME NOW Plaintiffs BRITTNEY MCDOUGLE, INDIVIDUALLY, AND ON BEHALF OF THE HEIRS, WRONGFUL DEATH BENEFICIARIES OF MICHAEL D. MCDOUGLE, SR., DECEASED AND THE ESTATE OF MICHAEL MCDOUGLE, THROUGH MARY MCDOUGLE, ADMINISTRATOR OF ESTATE (hereinafter Plaintiffs), by and through their attorneys of record, and file this, their COMPLAINT, and would allege the following:

## PARTIES

1. Plaintiff Brittney McDougle is an adult resident citizen of Mississippi, residing at 278 West Atkins Street, Philadelphia, MS.

2. Defendant Neshoba County (hereinafter Defendant County) is county entity that may be served with process by service upon Guy Nowell, Chancery Clerk, at the office of the Chancery Clerk, located at 401 E. Beacon Street, Suite 107, Philadelphia, Mississippi 39350.

3. Defendant Sheriff Tommy Waddell (hereinafter Defendant Waddell) is an adult resident citizen of Mississippi, employed with the Neshoba County Sheriff's Department, and can be served with process at 401 Beacon Street, Suite 108, Philadelphia, MS 39350.

4. Defendant City of Philadelphia, MS (Defendant City) is a municipal entity that may be served with process by service upon James Johnson, City Clerk, located at 525 Main Street, Philadelphia, Mississippi 39350.

5. Defendant Chief Grant Meyers (hereinafter Defendant Meyers) is an adult resident citizen of Mississippi, employed with the City of Philadelphia Police Department, and can be served with process at 523 Main Street, Philadelphia, Mississippi 39350.

6. Defendant Officer Brad Crockett (hereinafter Defendant Crockett) is an adult resident citizen of Mississippi, employed with the City of Philadelphia Police Department, and can be served with process at 523 Main Street, Philadelphia, Mississippi 39350.

7. Defendant Officer Eric Lowdnes (hereinafter Defendant Lowdnes) is an adult resident citizen of Mississippi, employed with the City of Philadelphia Police Department, and can be served with process at 523 Main Street, Philadelphia, Mississippi 39350.

8. Defendant Officer Brandon Pope (hereinafter Defendant Pope) is an adult resident citizen of Mississippi, employed with the City of Philadelphia Police Department, and can be served with process at 523 Main Street, Philadelphia, Mississippi 39350.

9. Defendant Officer Josh Ray (hereinafter Defendant Ray) is an adult resident citizen of Mississippi, employed with the City of Philadelphia Police Department whose true identity is unknown currently, and can be served with process at 523 Main Street, Philadelphia, Mississippi 39350.

10. Defendant Jailer Amanda Monk (hereinafter Defendant Jailer Monk) is an adult resident citizens of Mississippi, employed with the Neshoba County Sheriff's Department, and can be served with process at 401 Beacon Street, Suite 108, Philadelphia, MS 39350.

11. Defendant Jailer Evelyn McBeath (hereinafter Defendant Jailer McBeath) is an adult resident citizen of Mississippi, employed with the Neshoba County Sheriff's Department, and can be served with process at 401 Beacon Street, Suite 108, Philadelphia, MS 39350.

12. Defendant Jailer Harvey Hickman (hereinafter Defendant Jailer Hickman) is an adult resident citizen of Mississippi, employed with the Neshoba County Sheriff's Department, and can be served with process at 401 Beacon Street, Suite 108, Philadelphia, MS 39350.

13. Defendant Jailer Burton O'Berry (hereinafter Defendant Jailer O'Berry) is an adult resident citizen of Mississippi, employed with the Neshoba County Sheriff's Department, and can be served with process at 401 Beacon Street, Suite 108, Philadelphia, MS 39350.

14. Defendant Jailer Jami Hutcheson (hereinafter Defendant Jailer Hutcheson) is an adult resident citizen of Mississippi, employed with the Neshoba County Sheriff's Department, and can be served with process at 401 Beacon Street, Suite 108, Philadelphia, MS 39350.

15. Defendant Jailer Joey Curry (hereinafter Defendant Jailer Curry) is an adult resident citizen of Mississippi, employed with the Neshoba County Sheriff's Department, and can be served with process at 401 Beacon Street, Suite 108, Philadelphia, MS 39350.

## JURISDICTION

16. This court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled in Mississippi.

17. This court has subject matter jurisdiction pursuant to 28 USC 1331, as the events giving rise to this action involve a federal question.

## VENUE

18. Venue is proper in this Court pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Neshoba County, Mississippi, which is located within the Southern District of Mississippi.

## UNDERLYING FACTS

19. On or about November 1, 2014, Michael D. McDougle, Sr., was arrested in Philadelphia, MS. While under arrest and handcuffed, McDougle, Sr. was brutally beaten by Defendant Officers employed by the City of Philadelphia.

20. McDougle, Sr. was transported to the Neshoba County Jail in Philadelphia, MS. While in handcuffs, McDougle, Sr. was beaten and tasered by Defendant Jailers Monk, McBeath, Hickman, O'Berry, Hutcheson, and Curry.

21. Subsequently, while still in police custody, McDougle, Sr. was found dead on November 2, 2014 at the Neshoba County Jail. A subsequent autopsy report revealed that McDougle, Sr. died of head trauma.

22. As a result of the foregoing, Plaintiffs were caused to suffer physical, mental, and emotional injuries.

## COUNT ONE
## CONSTITUTIONAL VIOLATIONS PURSUANT TO 42 U.S.C.A. § 1983, DUE TO PATTERNS, POLICIES, PRACTICES AND/OR CUSTOMS OF SUBJECT GOVERNMENTAL ENTITIES

23. The Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

24. The Plaintiffs allege that Defendants Neshoba County and City of Philadelphia, MS are liable for violating McDougle's constitutional rights, pursuant to § 1983, as said governmental entities violated McDougle, Sr.'s constitutional rights via: (1) official policies or customs, of which (2) said Defendants had actual or constructive knowledge, and (3) said policies, customs, and/or practices were the "moving force" of the constitutional violations.

25. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, to the disregard and detriment of McDougle, Sr.

26. As a direct and proximate result of Defendants' acts of reckless disregard, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT TWO
## CIVIL ASSAULT AND BATTERY

27. The Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

28. The Defendants are liable for civil assault and battery. The Plaintiffs allege that the aforementioned Defendants, with reckless disregard, inflicted physical pain upon McDougle, Sr., by attacking him and tasering him while handcuffed, causing harm to his person. The aforementioned Defendants have caused Plaintiffs to suffer from emotional problems and mental anxiety, as well as, pain and suffering.

29. The reprehensible acts of the Defendants demonstrate reckless disregard for the safety and well-being of McDougle, Sr., who was not engaged in criminal activity at the time of his injuries.

30. As a direct and proximate result of aforementioned Defendants' acts of reckless disregard, Plaintiffs, sustained the damages set forth herein and all damages that will be proved at trial hereon.

### COUNT THREE
### VIOLATION OF EQUAL PROTECTION,
### CIVIL RIGHTS LAW UNDER 42 U.S.C. Section 1983 and 28 U.S.C.
### Section 1343 et al

31. The Plaintiffs incorporate and adopts all prior paragraphs, averments, and statements.

32. Plaintiffs would show unto the Court that the Defendants intentionally, recklessly, and with a reckless disregard for McDougle, Sr.'s rights took action to deprive McDougle, Sr. of his due process rights under federal laws, equal protection rights under federal laws, and violated other of McDougle, Sr.'s civil rights under federal laws.

33. The Plaintiffs suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

34. McDougle, Sr.'s right to due process was denied and he suffered damages as a result of being denied medical care for the injuries he suffered at the hands of the Defendant Officers and Jailers.

35. Plaintiffs would show unto the Court that the Defendants acted with deliberate indifference to McDougle, Sr.'s need for medical care, in violation of his rights under the Eighth Amendment.

### COUNT FOUR
### EXCESSIVE FORCE

36. The Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

37. Plaintiffs would show unto the Court that the Defendants took actions to deprive McDougle, Sr. of his Fourth Amendment protection against excessive force.

38. The force used by the Defendant Officers was excessive to the need, and not objectively reasonable under the circumstances.

## COUNT FIVE
## WRONGFUL DEATH

39. The Plaintiffs re-allege and incorporate each and every preceding paragraphs as if fully set forth herein.

40. As a direct and proximate result of Defendants' negligence, carelessness, and/or reckless disregard as described above, Michael McDougle, Sr., sustained injuries which proximately caused his death on November 2, 2014.

41. As a direct and proximate result of the foregoing, and the death of Michael McDougle, Sr., Plaintiffs have been deprived of their kind and loving husband and father's, Michael McDougle, Sr., care, comfort, society, protection, love, companionship, affection, solace, moral support, and/or physical assistance in the operation and maintenance of the home. McDougle, Sr. also experienced pre-death pain and suffering prior to expiring from the blows to his head by Defendants.

## COUNT SIX
## INJUNCTION PROHIBITING FUTURE CONDUCT OF A SIMILAR CHARACTER, KIND OF NATURE

42. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

43. The Plaintiffs are entitled to, and hereby request, an injunction prohibiting the Defendants from committing conduct of the like, kind, character and nature as that demonstrated and

described in this complaint at any time in the future within the jurisdiction of the United States District Court for the Southern District of Mississippi, Northern Division.

## COUNT SEVEN
## GENERAL NEGLIGENCE

44. The Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

45. The Plaintiffs allege that the Defendant Officers, in their Individual Capacities, breached their duty of ordinary care, and proximately caused Plaintiffs' injuries.

46. As a direct and proximate result of Defendants' negligence, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT EIGHT
## NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND
## TO MONITOR, TRAIN, AND SUPERVISE THE OFFICERS INVOVED.

47. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

48. Defendant City and Defendant Chief were grossly negligent and/or wanton in failing to monitor the actions of the officers involved. Defendant City and Defendant Chief negligently and/or wantonly failed to train the aforementioned officers to properly protect, investigate, interrogate, detain, accost, search, prosecute, judge, or arrest Michael McDougle, Sr., and other similarly situated individuals. Defendant City and Chief negligently and/or wantonly failed to properly followed and/or apply its own municipal and law enforcement rules, ordinances, regulations, policies and procedures, as well as state law generally. Defendants City and Chief negligently hired and/or retained the officers involved, agents, and/or employees, having knowledge of their propensity for

malicious abuse of process, failure to follow promulgated rules and guidelines, and obstruction of justice.

49. Defendants City's and Defendant Chief's policy and/or custom of encouraging and/or ratifying police brutality, and their failure to properly train city police department employees against excessive forces, caused the deprivation of Plaintiff Hathaway's constitutional rights.

50. As a direct and proximate result of Defendants' negligent, gross negligent, reckless, and/or intentional acts and/or omissions, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT NINE
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51. The Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

52. Plaintiffs allege that the Defendants, with reckless disregard, inflicted extreme emotional distress upon Plaintiffs' mind, spirit, and body. By condoning and/or ratifying the acts of the officers involved, the Defendants have caused Plaintiffs to suffer from emotional problems and mental anxiety.

53. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct.

54. As a direct and proximate result of Defendants' acts of reckless disregard, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial heron.

## COUNT TEN
## FALSE ARREST/FALSE IMPRISONMENT

55. Plaintiffs, in asserting this claim, would adopt all factual allegations set out herein.

56. Plaintiffs would show unto the Court that the Defendant officers intentionally, recklessly, with gross negligence, and with a reckless disregard for Plaintiffs' rights, took action to falsely arrest and unlawfully detain Michael McDougle, Sr.

57. Michael D. McDougle, Sr. suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## COUNT ELEVEN
## DELIBERATE INDIFFERENCE AND/OR
## DENIAL/DELAY OF ACCESS TO MEDICAL CARE

58. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

59. Plaintiffs would show unto the Court that the Defendants, with reckless disregard for Plaintiffs' medical condition, took actions to deprive Plaintiffs, Michael D. McDougle, Sr., deceased of his rights to medical care.

60. Plaintiffs suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## PRAYER FOR APPROPRIATE RELIEF

61. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

62. As a result of the acts of the Defendants named herein whether intentional, as a result of negligence, gross negligence, negligence per se or reckless disregard for the safety and well-being of decedent, Plaintiffs have suffered severe damages for which the Defendants should be held jointly and vicariously liable.

63. All Defendants are jointly and severally liable to the Plaintiffs for the following damages: past, present and future pain, suffering and mental and emotional anguish; past, present and future loss of mobility and capacity; loss of enjoyment of life's normal activities; loss

of society, lost wages, loss of wage earning capacity, loss of consortium, and all other damages to be proved at trial.

64. The Plaintiffs bring this action against all Defendants and demand judgment and compensatory damages as a result of the acts of reckless disregard, for an amount to be determined by this Court.

65. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of Plaintiffs, and others similarly situated, as to amount to willful, wanton and/or intentional misconduct, thereby entitling Plaintiffs to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED**, the Plaintiffs respectfully pray for judgment against all Defendants including compensatory damages, Veasley damages, punitive damages, permanent injunction, any and all damages allowed by federal law, attorney's fees, pre-judgment interest, post judgment interest, and all costs of this proceeding, with such final amount being at least $10,000,000.00.

This the  18th  day of August, 2016.

    RESPECTFULLLY SUBMITTED,

    BRITTNEY MCDOUGLE, ET AL.
    PLAINTIFFS

BY: _s/ Carlos E. Moore_____
    CARLOS E. MOORE, MSB# 100685
    COUNSEL FOR PLAINTIFFS

OF COUNSEL:

**MOORE LAW GROUP, P.C.**
306 Branscome Drive
P. O. Box 1487
GRENADA, MS 38902
(662)227-9940 (PHONE)
(662)227-9941 (FAX)
carlos@carlosmoorelaw.com

CERTIFICATE OF SERVICE

    I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the MEC system and/or mailed via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing which sent notification of such filing to the following:

John D. Price, Esq.
Wise Carter Child & Caraway, P.A.
P. O. Box 651
Jackson, MS 39205-0651
*Attorney for Defendant City of Philadelphia*

Roy A. Smith, Jr., Esq.
Steven J. Griffin, Esq.
Daniel Coker Horton & Bell, PA
P. O. Box 1084
Jackson, MS 39215
*Attorney for Defendants Tommy Waddell and Neshoba County, MS*

    THIS, the __18th__ day of August, 2016.

                                      _s/ Carlos E. Moore_
                                      CARLOS E. MOORE, ESQ.