IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRITTNEY MCDOUGLE, INDIVIDUALLY, AND
ON BEHALF OF THE HEIRS AND WRONGFUL
DEATH BENEFICIARIES OF MICHAEL MCDOUGLE, *ET AL.*     PLAINTIFFS

V.     CIVIL ACTION NO. 3:15-cv-00350-CWR-FKB

NESHOBA COUNTY, MISSISSIPPI, *ET AL.*     DEFENDANTS

---

THE CITY OF PHILADELPHIA, GRANT MYERS, ERIC LYONS, BRANDON POPE, BRAD CROCKETT, AND JOSH RAY'S *DAUBERT* MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFFS' EXPERT GEORGE H. CARTER, Ph.D.

---

COME NOW, The City of Philadelphia, Grant Myers, Eric Lyons, Brandon Pope, Brad Crockett, and Josh Ray (the "Defendants"), by and through counsel, and move this court to exclude certain testimony of Plaintiffs' expert, George H. Carter, Ph.D., pursuant to Rule 702 of the Federal Rules of Evidence. In support, Defendants show the following:

1.    Plaintiffs, Brittney McDougle on behalf of McDougle's wrongful death beneficiaries and Mary McDougle on behalf of McDougle's estate (the "Plaintiffs") designated economist Dr. Carter to provide trial testimony in support of their damages based on McDougle's lost wages, lost benefits, and lost household services. *See* Dr. Carter's Report (Ex. "A"). As shown below, certain of Dr. Carter's assumptions and resulting opinions fail to meet the rigors of Daubert in that they are based on data directly contrary to the undisputed record evidence and are thus inadmissible under Rule 702 of the Federal Rules of Evidence.

2.	According to his expert report, Dr. Carter intends to testify that, but for his death, McDougle would have worked full time and earned $11,784.00 from the time of his death to the date of Dr. Carter's report (net past lost wage) and $108,697.00 from the time of his death to the end of his work life expectancy (net future lost wage). *See* (Ex. "A" at 6, 24). Dr. Carter's calculations and opinions based on those calculations are unreliable because his assumption that McDougle would work full time is based on data that is contrary to the undisputed record evidence. The data upon which Dr. Carter relied for his assumption that McDougle would have worked full time, *i.e.* --- a text message from Plaintiffs' attorney Carlos Moore that McDougle's mother said he was working full time at the time of his death --- is clearly contrary[1] to Mrs. McDougle's sworn deposition testimony that her son was unemployed at the time of his death. *See* (Ex. "B" at 14); *see also Mayne v. Omega Protein, Inc.*, 370 Fed. App'x 510, 517-18 (5th Cir. 2010) (reversing lost wage award based on assumption provided to expert by plaintiff's attorney that lacked evidentiary support). Therefore, Dr. Carter's past and future lost wage calculation and opinion are unreliable, irrelevant, and inadmissible. *Moore v. Int'l Paint, LLC*, 547 Fed. App'x 513, 516-17 (5th Cir. 2013) (where expert relies on assumptions contrary to the undisputed record evidence, opinions derived therefrom are unreliable); *Acc. Ins. Co. v. Classic Bldg. Design, LLC*, No. 2:11-cv-33-KS-MTP, 2012 WL 3913090 at *12 (S.D. Miss. Sept. 7, 2012) (citing *Guillory v.*

---

[1] Given that the text was sent on July 7, 2016 (2 days after Mrs. McDougle's deposition), Mr. Moore knew the text was false at the time he sent it to Dr. Carter.

2

*Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996)) (opinion based on incorrect facts does not speak to the case at hand and is therefore, irrelevant).

    3.    Dr. Carter's report indicates that he intends to testify that, but for his death, McDougle would have earned $593.00 in entitlement benefits and $757.00 in fringe benefits from the time of his death to the date of Dr. Carter's report (net past benefits) and $6,106.00 in entitlement benefits and $7,797.00 in fringe benefits from the time of his death to the end of his work life expectancy (net future benefits). *See* (Ex. "A" at 24). There is no evidence that McDougle has ever held a full time job and, (other than a two-week stint at McDonalds), ever worked for an employer who provided any benefits whatsoever. *Hernandez v. M/V Rajaan*, 841 F.2d 582, 587 (5th Cir. 1988) (reversing award of fringe benefits where there was no evidence plaintiff ever received any fringe benefits). Because it is undisputed that McDougle was unemployed at the time of his death, Dr. Carter's opinion that, but for his death, McDougle would have earned past benefits is unreliable and any testimony regarding net past benefits should be excluded. Furthermore, because there is no evidence McDougle ever earned benefits of any type, Dr. Carter's opinion that he would have earned future benefits lacks a reliable basis and any testimony regarding future benefits should also be excluded.

    4.    Moreover, because Dr. Carter calculates lost benefits as a percentage of lost wages[2] and because Dr. Carter's lost wage calculation is based on incorrect data (as shown

---

[2] Dr. Carter calculates lost entitlement benefits as 2.35% of lost wages and lost fringe benefits as 3% of lost wages. *See* (Ex. "A" at 11, 13).

3

above), Dr. Carter's lost benefit calculation is likewise unreliable and irrelevant. *See Moore*, 547 Fed. App'x at 516-17 (opinions based on assumptions that are contrary to the undisputed record evidence are unreliable); *Acc. Ins. Co. v. Classic Bldg. Design, LLC*, 2012 WL 3913090 at *12 (opinions based on incorrect facts do not speak to case at hand and are irrelevant). For this additional reason, Dr. Carter's lost benefits testimony should be excluded.

5. Defendants are contemporaneously filing their memorandum of authorities in support of this Motion and incorporate by reference that memorandum as if fully laid out herein.

6. In further support of their Motion, Defendants submit the following:

EXHIBIT A - Expert Report of George H. Carter, Ph.D., dated July 6, 2016 (served July 7, 2016).

EXHIBIT B - Transcript Excerpts from Deposition of Mary Helen McDougle, July 5, 2016.

EXHIBIT C - Transcript Excerpts from Deposition of Michael W. McDougle, July 5, 2016.

EXHIBIT D - Transcript Excerpts from Deposition of Brittney McDougle, July 5, 2016.

EXHIBIT E - Select Records from the Mississippi Department of Corrections.

WHEREFORE, PREMISES CONSIDERED, Defendants The City of Philadelphia, Eric Lyons, Brandon Pope, Brad Crockett, and Josh Ray respectfully request that this Court grant their *Daubert* Motion to Exclude Certain Testimony of Plaintiffs' Expert George H. Carter, Ph.D.

Dated this the 20th day of October, 2016.

Respectfully submitted,

City of Philadelphia, Grant Myers, Eric Lyons, Brandon Pope, Brad Crockett, and Josh Ray

BY:   /s/ D. Jason Childress

OF COUNSEL:

JOHN D. PRICE (MSB #4495)
D. JASON CHILDRESS (MSB #103678)
WISE CARTER CHILD & CARAWAY
POST OFFICE BOX 651
JACKSON, MISSISSIPPI 39205-0651
Main Line: (601) 968-5500
Facsimile: (601) 944-7738
jdp@wisecarter.com; djc@wisecarter.com

CERTIFICATE OF SERVICE

I, D. Jason Childress, do hereby certify that on this day, I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent such notification to all counsel of record:

Dated this the 20th day of October, 2016.

/s/ D. Jason Childress