ECONOMIC ANALYSIS

OF

MICHAEL D. McDOUGLE, SR.

Preliminary Pre-trial Report
(subject to revision)
July 6, 2016

Mississippi Consulting Group, Inc.

George H. Carter, Ph.D.

**EXHIBIT "A"**

## SCENARIO VALUED

If not for death, Michael D. McDougle, Sr. would have worked in a minimum wage occupation for his work life expectancy.  Mr. McDougle would have supported his children in his household until the children reached maturity at age 18, and he would have maintained a household with his spouse for his life expectancy.

## CONCLUSION

On the basis of information given, the economic loss incurred by Michael D. McDougle, Sr. as the result of death on November 2, 2014, is $488,787. discounted to present value.

In general, it is recognized that discovery is on-going.  Consequently, as further information becomes available, the right is reserved to supplement this report.

George H. Carter, Ph.D.

George H. Carter

(Information was provided by employing attorney,
source documents identified in the various notes
or calculation.)

NAME:  Michael D. McDougle, Sr.

RACE, SEX:  African-American, Male.

DATE OF BIRTH:  June 14, 1985.

DATE OF DEATH:  November 2, 2014.

AGE AT DEATH:  29 years old (nearest birthday)
    (age range: 29-30).

DATE OF WORK LIFE EXPECTANCY END:  May 4, 2041.

AGE AT WORK LIFE EXPECTANCY END:  55.9 years old.

DATE OF LIFE EXPECTANCY END:  August 22, 2059.

AGE AT LIFE EXPECTANCY END:  74.2 years old.

EMPLOYER:  McDonald's.

INCOME:  Minimum Wage, $15,080 per year.

GOVERNMENT ENTITLEMENT:  Employer entitlement benefits
    for Social Security and Medicare.

FRINGE BENEFITS:  Typical legally-required employer-
    provided fringe benefits.

ECONOMIC DISABILITY:  100% due to death.

EDUCATION:  Less than high school diploma, no GED.

MARITAL STATUS AND FAMILY:  Married.  Two dependent
    children.  Dates of birth: April 8, 2011 and
    August 23, 2014.

SPOUSE'S INCOME:  $21,736 per year.

FAMILY INCOME:  $36,816 per year.

HOUSEHOLD SERVICES IMPAIRMENT:   100% due to death.

WORK LIFE EXPECTANCY AT DEATH:   26.5 years, gender and
education specific.   Gary R. Skoog, James E.
Ciecka and Kurt V. Krueger, "A Markov Process
Model of Labor Force Activity: Extended Tables of
Central Tendency, Shape, Percentile Points, and
Bootstrap Standard Errors," Journal of Forensic
Economics, Vol. 22, No. 2, 2011, Table 4.   Date of
death is November 2, 2014; thus, date of work life
expectancy end is May 4, 2041.

WORK LIFE EXPECTANCY END AT DATE OF REPORT:   24.8
years, the date of the report is 1.7 years after
the date of death.

WORK LIFE EXPECTANCY AND WORKFORCE ABSENCE:   Work life
expectancy is continuous years of employment.
Periods of time out of employment (e.g., job
change, lay-off, child birth, education for
improvement, etc.) occur during work years.   These
intervening periods out of employment are
accounted for by placing them at the end of
continuous years of employment.   There is too much
variation to select specific times within the
continuous years of employment.   Thus, date of
retirement would occur at the end of the
continuous years of work (work life expectancy)
plus the cumulative intervening time out of
employment within a career.   For purposes of
presentation and calculation, date of retirement
is considered to be date of work life expectancy
end.

LIFE EXPECTANCY AT DEATH:   44.8 years, gender and race
specific.   National Center for Health Statistics,
U.S. Department of Health and Human Services,
United States Life Tables, 2010, Table 17.
http://www.cdc.gov/nchs/data/nvsr/nvsr63/nvsr63_07
.pdf.   Date of death is November 2, 2014; thus,
date of life expectancy end is August 22, 2059.

LIFE EXPECTANCY END AT DATE OF REPORT:   43.1 years, the
date of the report is 1.7 years after the date of
death.

BASIC ASSUMPTION:   But for death, Mr. McDougle would
have worked in a minimum wage occupation until end
of work life expectancy.   Subject would have

maintained a household for his children until they
respectively reached maturity at age 18 and with
his spouse for his life expectancy.  Subject would
have worked a typical work life expectancy and
lived a typical life expectancy.

## HUMAN CAPITAL
## ANALYSIS OF ECONOMIC LOSS

The economic loss incurred by Michael D. McDougle,
Sr. is presented in six parts:

(1) <u>Wages</u>.  Wage losses include past due amounts
from the time of death to the date of this report, 1.7
years, and projected future losses from report date to
the end of work life expectancy (discounted to present
value).

(2) <u>Entitlement Benefits</u>.  Entitlement benefit
losses represent employer's contributions for
entitlement benefits (Social Security and Medicare)
which augment wages.  These include past due amounts
from the time of death to the date of this report, 1.7
years, and projected future losses from report date to
the end of work life expectancy (discounted to present
value).

(3) <u>Fringe Benefits</u>.  Fringe benefit losses
represent employer's contributions for benefits which
augment wages.  These include past due amounts from the
time of death to the date of this report, 1.7 years,
and projected future losses from report date to the end
of work life expectancy (discounted to present value).

(4) <u>Household Services</u>.  Household service losses
represent the value of replacing the previously
uncompensated activities necessary for daily life.
These include past due amounts from the time of death
to the date of this report, 1.7 years, and projected
future losses from report date to end of life
expectancy (discounted to present value).

(5) <u>Summary of Documentation</u>.  Formal
documentation utilized is summarized in a list.

(6) <u>Summary</u>.  A table summarizes the respective
totals for the economic loss incurred.

### PART I: WAGES
(Past Due and Future)

#### Past Due
(Not Discounted)

Past due wage losses
accrue from the date
of death to date of
this report.

1. Wages, .................. $25,267.(#1

2. Taxes, U.S. and MS, .....    (970.)(#2

3. Consumption Allowance, ..  (12,513.)(#3

4. Adjusted Income, .................  $11,784.

#### Future
(Discounted to Present Value)

Future wage losses are
incurred during a
remaining work life
expectancy of 24.8
years from the date of
report.

5. Wages, .................. $373,984.(#1

6. Taxes, U.S. and MS, .....  (18,056.)(#2

7. Consumption Allowance, ..  (225,861.)(#3

8. Adjusted Income, ........  130,067.

9. Discount to present value, ........  $96,913.(#4

#### Total

10. TOTAL DISCOUNTED LOST WAGES, ......  $108,697.

Note #1:  "Mr. McDougle worked 40 hours per week at minimum wage per his mother Mary McDougle." Hon. Carlos Moore, <u>text message</u> on July 7, 2016.

The income projected into the future is minimum wage. Minimum wage is $7.25 per hour. U.S. Department of Labor, <u>Wages, Minimum Wage</u>. http://www.dol.gov/dol/topic/ wages/minimumwage.htm. On an annual basis, minimum wage is $7.25/hour x 40 hours/week x 52 weeks/year = $15,080/year.

Note #2:  Mississippi is assumed state of residence. Subject's combined federal and state tax rate (after-tax income) is:

2014-2029:  3.84% [$15,080 x (1-0.0384) = $14,501] (two dependent children, married, joint filing)
2030-2032:  5.08% [$15,080 x (1-0.0508) = $14,314] (one dependent child, married, joint filing)
2033-    :  6.34% [$15,080 x (1-0.0634) = $14,124] (no dependent children, married, joint filing)

U.S. Internal Revenue Service, <u>2015 Form 1040 Instructions</u>. https://www.irs. gov/pub/irs-pdf/i1040gi.pdf. Mississippi Department of Revenue, <u>2015 Mississippi Resident Individual Income Tax Instructions</u>, Form 80-100. http://www.dor.ms.gov/ Forms/80100151.pdf.

"She made $11/hr and worked 38 hours per week." Hon. Carlos Moore, <u>text message</u> on July 7, 2016. On an annual basis, subject's spouse's income is $11.00/hour x 38 hours/week x 52 weeks/year = $21,736/year. The gross family income, therefore, was $15,080 + 21,736 = $36,816.

Note #3:  Subject's consumption expenditure is that portion of family gross income spent on items solely for the individual's personal benefit.

Subject's consumption expenditure percentage of gross family income (dollar amount of subject's consumption) is:

2014-2029: 20.3% ($36,816 x 0.203 = $7,474) (two children)
2029-2032: 23.8% ($36,816 x 0.238 = $8,762) (one child)
2032-    : 32.3% ($36,816 x 0.323 = $11,892) (no children)

Michael R. Ruble, Robert T. Patton, and David M. Nelson, "Patton-Nelson Personal Consumption Tables 2011-12," _Journal of Legal Economics_, Vol. 21, No. 1, October 2014, Table 3a, page 50.

The consumption percentage of just the subject's after-tax income is:

2014-2029: 51.5% ($7,474/$14,501 = 0.515) (two children)
2029-2032: 61.2% ($8,762/$14,314 = 0.612) (one child)
2032-    : 84.2% ($11,892/$14,124 = 0.842) (no children)

Note #4:  The procedure for discounting to present value is a Below Market Discount Rate (BMDR) procedure. Attorneys have advised this preparer that this procedure is in conformance with applicable case law. This procedure is in conformance with current procedures and practices of the forensic economics profession.

U.S. Government 10-year bond rates, 1975-2014, average 6.79% annually. President of the United States, _Economic Report of the President, 2015_, Table B-17. http://www. whitehouse.gov/sites/default/files/docs/cea_ 2015_erp_complete.pdf.

During the same period, the minimum wage
climbed an average 3.40%, ProQuest, "Federal
and State Minimum Wage Rates: 1940 to 2014,"
<u>ProQuest Statistical Abstract of the United
States, 2015</u>, Table 670. Bernan Press.
http://statab.proquest.com.lynx.lib.usm.edu/
sa/index.html.

The subject's income loss is net after income
taxes, so in equity, the interest earned on
any award must also be after taxes -- a
factor which reduces the BMDR 0.26% during
2016-2029, 0.34% during 2030-2032, and 0.43%
during 2033-       .

Thus, the BMDR is 3.13% (6.79% less 3.40%
less 0.26%) during 2016-2029, 3.05% (6.79%
less 3.40% less 0.34%) during 2030-2032 and
2.96% (6.79% less 3.40% less 0.43%) during
2033-     .  Attorneys have advised this
preparer of this precedent: "we do not
believe a court adopting such an approach in
a suit under P5(b) should be reversed if it
adopts a rate between 1 and 3% and explains
its choice."  Supreme Court of the United
States, <u>Jones & Laughlin Steel Corp. v.
Pfeifer</u>, No. 82-131, 462 U.S. 523, decided
June 15, 1983.

PART II:  ENTITLEMENT BENEFITS
(Past Due and Future)

These economic losses are benefits with monetary value
that the subject would have lost besides wages during a
26.5 year work life expectancy at the time of the
death.

### Past Due
(Not Discounted)

Past due entitlement
benefit losses accrue
from the date of death
to the date of this
report.

11. Employer's entitlement benefit
payments (2.35% of wages for
Disability Insurance and
Medicare Insurance), ..............     $593.(#5

### Future
(Discounted to Present Value)

Future entitlement benefit
losses are incurred during
a remaining work life
expectancy of 24.8 years
from the date of the report.

12. Employer's entitlement benefit
payments (2.35% of wages for
Disability Insurance and
Medicare Insurance), ....  $8,779.(#5

13. Discount to present value, ........  $6,106.(#6

### Total

14. TOTAL DISCOUNTED LOST ENTITLEMENT
BENEFITS, ........................  $6,699.

Note #5:    Entitlement benefits are purchases by
            employers for the specific benefits of Social
            Security, Survivors Insurance, Disability
            Insurance and Medicare Insurance.  Social
            Security benefits are for old age.  Thus, the
            entitlement benefits of Social Security,
            Survivors Insurance and Disability Insurance
            are known as Old Age, Survivors and
            Disability Insurance (OASDI), a program that
            Congress approved in 1935.  Medicare
            Insurance is a separate program and trust
            fund that Congress passed in 1965.

            The entitlement benefits of OASDI and
            Medicare Insurance are additional
            compensation to the worker and an economic
            loss.  The employer's contribution is 7.65%
            of wages and has components of 5.30% for the
            Social Security and Survivors Insurance Trust
            Fund, 0.90% for Disability Insurance Trust
            Fund and 1.45% for Medicare Insurance Trust
            Fund.  U.S. Social Security Administration,
            Trust Fund Data: Social Security & Medicare
            Tax Rates.  http://www.ssa.gov/oact/progdata/
            taxRates.html.  U.S. Social Security
            Administration, Trust Fund Data: Social
            Security Tax Rates.  http://www.ssa.gov/oact/
            progdata/oasdiRates.html.

            "..., it is assumed that the analysis of
            economic loss would extend only through the
            deceased's estimated worklife.  As life
            expectancy exceeds worklife, it is necessary
            to account for consumption from the end of
            worklife to the end of life expectancy.  The
            authors recommend using an assumption that
            pension and social security receipts will be
            sufficient to offset post worklife
            consumption."

            Michael R. Ruble, Robert T. Patton, and David
            M. Nelson, "Patton-Nelson Consumption Tables,
            1997-98 Update," Journal of Forensic
            Economics, Vol. 13, No. 3, Fall 2000,
            footnote 2, page 307.

There is no consumption deduction for Disability Insurance and Medicare Insurance entitlement benefits. Gerald D. Martin and Marc A. Weinstein, _Determining Economic Damages_, Revision 24. Costa Mesa, CA: James Publishing Company, 2012, page 4-28 and Michael R. Ruble, Robert T. Patton, and David M. Nelson, "Patton-Nelson Personal Consumption Tables 2011-12," _Journal of Legal Economics_, Vol. 21, No. 1, October 2014, page 42.

The combined Disability Insurance and Medicare Insurance percentage is 0.90% + 1.45% = 2.35%. Thus, the annual Disability Insurance and Medicare Insurance entitlement loss is $15,080 x 0.0235 = $354.

Note #6:    _op.cit._, Note #4.

## PART III: FRINGE BENEFITS
### (Past Due and Future)

The subject's employer contributed to fringe benefits
of employment.  This economic loss is a benefit with
monetary value which the subject lost besides wages
during a 26.5 year work life expectancy at the time of
death.

### Past Due
### (Not Discounted)

    Past due fringe benefit
    losses accrue from the
    date of death to the
    date of this report.

15. Fringe benefits, .................    $757.(#7

### Future
### (Discounted to Present Value)

    Future fringe benefit
    losses are incurred
    during a remaining
    work life expectancy
    of 24.8 years from
    the date of this report.

16. Fringe benefits, ........  $11,210.(#7

17. Discount to present value, ........   $7,797.(#8

### Total

18. TOTAL DISCOUNTED LOST FRINGE
    BENEFITS, ........................   $8,554.

Note #7:   Subject is assumed to receive typical
           legally-required employer-provided fringe
           benefits of employment: unemployment
           compensation and workers compensation.  This
           percentage does not include entitlement
           benefits that are included in Part II above,
           retirement or insurance.

           The national average for these fringe
           benefits is 3.00% of wages.  ProQuest,
           "Employer Costs for Employee Compensation per
           Hour Worked, 2014," ProQuest Statistical
           Abstract of the United States, 2015, Table
           674. Bernan Press.  http://statab.proquest.
           com.lynx.lib.usm.edu/sa/index.html.

           There is no consumption deduction for these
           fringe benefits.  Gerald D. Martin and Marc
           A. Weinstein, Determining Economic Damages,
           Revision 24. Costa Mesa, CA: James Publishing
           Company, 2012, page 4-28 and Michael R.
           Ruble, Robert T. Patton, and David M. Nelson,
           "Patton-Nelson Personal Consumption Tables
           2011-12," Journal of Legal Economics, Vol.
           21, No. 1, October 2014, page 42.

           Thus, the annual fringe benefit loss is
           $15,080 x 0.0300 = $452.

Note #8:   op.cit., Note #4.

PART IV:  HOUSEHOLD SERVICES
(Past Due and Future)

People typically provide more than a pay check to support their families and/or themselves.  These contributions (e.g., household chores, shopping, fixing things, etc.) are known as household services.

Past Due
(Not Discounted)

Past due household service
losses accrue from the
date of death to the date
of this report.

19. Household services, .............. $23,307.(#9

Future
(Discounted to Present Value)

Future household service
losses are incurred
during a remaining life
expectancy of 43.1 years
at the date of this report.

20. Household services, ..... $583,504.(#9

21. Discount to present value, ........ $341,530.(#10

Total

22. TOTAL DISCOUNTED LOST
HOUSEHOLD SERVICES, .............. $364,837.

Note #9:   If not for death, subject would have
           provided:

           Table 2: Married males, that work full-time,
           spouse employed, youngest child under age 13:
           22.53 hours per week (valued at 0.887
           proportion x $42.96 = $38.11 per day) on
           household services from date of death
           (November 2, 2014) until date youngest child
           reaches age 13 (August 23, 2027),

           Table 5: Married males, that work full-time,
           spouse employed, youngest child ages 13
           to 17:
           18.29 hours per week (valued at 0.887
           proportion x $35.90 = $31.84 per day) on
           household services from date youngest child
           reaches age 13 (August 23, 2027) until date
           youngest child reaches age 18 (August 23,
           2032),

           Table 8: Married males, that work full-time,
           spouse employed, no children under age
           18:
           15.83 hours per week (valued at 0.887
           proportion x $31.08 = $27.57 per day) on
           household services from date youngest child
           reaches age 18 (August 23, 2032) until date
           of work life expectancy end (May 4, 2041),

           Table 41: Married males, that are retired,
           living only with spouse:
           24.13 hours per week (valued at 0.887
           proportion x $47.85 = $42.44 per day) on
           household services from date of work life
           expectancy end (May 4, 2041) until date of
           life expectancy end (August 22, 2059).

           Expectancy Data, The Dollar Value of a Day:
           2013 Dollar Valuation. Shawnee Mission,
           Kansas, 2014, Tables 2, 5, 8 and 41.

           The proportionate adjustment to the dollar
           value of a day is the national to Mississippi
           wage adjustment. Expectancy Data, The Dollar
           Value of a Day: 2013 Dollar Valuation.
           Shawnee Mission, Kansas, 2014, Table 229.

Household service weeks are seven-day weeks.
Thus, the annual household services loss is:

Date of death (November 2, 2014) until date
youngest child reaches age 13 (August 23,
2027):
$38.11/day x 365 days/year = $13,910/year,

Date youngest child reaches age 13 (August
23, 2027) until date youngest child reaches
age 18 (August 23, 2032):
$31.84/day x 365 days/year = $11,622/year,

Date youngest child reaches age 18 (August
23, 2032) until date of work life expectancy
end (May 4, 2041):
$27.57/day x 365 days/year = $10,063/year and

Date of work life expectancy end (May 4,
2041) until date of life expectancy end
(August 22, 2059):
$42.44/day x 365 days/year = $15,491/year.

### *Personal Consumption*

Personal Consumption Only From Income

There is no personal consumption deduction
for household services provision.

"In virtually all wrongful death cases ... a
deduction must be made for the amount of
income that would have been consumed
personally by the deceased." Gerald D.
Martin and Marc A. Weinstein, Determining
Economic Damages, Revision 24. Costa Mesa,
CA: James Publishing Company, 2012, page 5-2.

"The resulting percentages are applied to
total consumer unit pretax income to
determine the necessary consumption
allowance, which is subtracted from the
pretax earnings of the decedent in arriving
at the loss to the estate. ... This
percentage is applied to *total consumer unit
income* to arrive at the amount of the
consumption adjustment." Michael R. Ruble,
Robert T. Patton, and David M. Nelson,

"Patton-Nelson Personal Consumption Tables 2011-12," <u>Journal of Legal Economics</u>, Vol. 21, No. 1, October 2014, pages 41-42.

Personal consumption is uniquely related to income. Martin and Weinstein emphasize this point when discussing fringe benefits. "The deceased, had he lived would have consumed part of his income, but would not have consumed any portion of fringe benefits for the simple reason that he does not receive the employer's contribution in his paycheck." Gerald D. Martin and Marc A. Weinstein, <u>Determining Economic Damages</u>, Revision 24. Costa Mesa, CA: James Publishing Company, 2012, page 4-28.

All three quotes from Martin and Weinstein and Ruble, Patton and Nelson specifically state that personal consumption applies only to income. Part I: Wages of this report addresses personal consumption (from income).

<u>Personal Consumption during Retirement</u>

In addition to personal consumption being removed from income during working years (Part I: Wages), this report also deducts personal consumption during retirement in Part II: Entitlement Benefits.

"..., it is assumed that the analysis of economic loss would extend only through the deceased's estimated worklife. As life expectancy exceeds worklife, it is necessary to account for consumption from the end of worklife to the end of life expectancy. The authors recommend using an assumption that pension and social security receipts will be sufficient to offset post worklife consumption."

Michael R. Ruble, Robert T. Patton, and David M. Nelson, "Patton-Nelson Consumption Tables, 1997-98 Update," <u>Journal of Forensic Economics</u>, Vol. 13, No. 3, Fall 2000, footnote 2, page 307.

Review of Part II will show that the benefit
of Social Security retirement is not included
as an economic loss. Rather in accordance
with the Ruble, Patton and Nelson quote
above, those "social security receipts" are
ignored as personal consumption during
retirement.

## No Personal Consumption From Joint or Other Consumption

Consumption of items purchased out of income,
a Part I: Wages topic, is done by one of
three entities:

> (1) the named individual,
> (2) another individual or
> (3) jointly by multiple individuals
> who may include the named
> individual.

"When an individual family member uses family
income to make a purchase that is exclusively
for his or her own benefit, then it usually
can be considered a personal consumption
item." Gerald D. Martin and Marc A.
Weinstein, Determining Economic Damages,
Revision 24. Costa Mesa, CA: James Publishing
Company, 2012, page 5-2. In only (1) above
are items deducted in a forensic economics
report as personal consumption. This is
because in only (1) above are items consumed
solely by the named individual. Thus,
consumption by others and joint consumption
(even if the named individual is a party) are
not considered personal consumption in a
forensic economics report.

This report uses Expectancy Data, The Dollar
Value of a Day: 2013 Dollar Valuation.
Shawnee Mission, Kansas, 2014 for valuation
of household services. Tables 1-200 address
different household compositions, and they
uniformly categorize household services in
two categories and twelve subcategories:

**Household Production:**
>    Inside Housework;
>    Food, Cooking & Clean-up;
>    Pets, Home & Vehicles;
>    Household Management;
>    Shopping;
>    Obtaining Services and
>    Travel for Household Activity and

**Caring and Helping:**
>    Household Children;
>    Household Adults;
>    Non-Household Members;
>    Travel for Household Members and
>    Travel for Non-Household Members.

Tables 201-212 provide great detail on the composition of those respective services.

Review of the twelve subcategories shows that all twelve subcategories are the provision of services for joint or other benefit, and therefore, none fall into the category of personal consumption, even if personal consumption applied to household services provision.

<u>Household Services are Maintenance Activities Not Consumption of Income</u>

There is no personal consumption deduction for household services provision because those services are provided for maintenance rather than received as income to be consumed.

Personal consumption is the process of using up something for one's own personal benefit. For example, the purchase of a shirt is personal consumption out of income since the shirt will be used (consumed) by a person until the end of the shirt's useful life. Then, the shirt will be disposed of as a used-up item that provides no further utility. Likewise, haircuts, toiletries, underwear and prosthetic devices purchased from income would be considered personally consumed items.

Review of the twelve subcategories in <u>The Dollar Value of a Day: 2013 Dollar Valuation</u> that are listed above show that income consumption to disposal is not the activity addressed in household services. Rather, maintenance of value, health, condition or other characteristics are the objects of household services.

In both multi-person and single person households, all twelve subcategories are maintenance activities that do not involve income consumption to disposal, and therefore, none fall into the category of personal consumption.

## Conclusion

Consequently, there is no personal consumption deduction for household services provision.

### *Methodology*

Attorneys have advised this preparer that the United States District Court for the Southern District of Mississippi has accepted the methodology herein used for household services loss determination.

U.S. District Court for the Southern District of Mississippi, Southern Division. <u>Rosa Ashford and Otis Ashford, Plaintiffs v. Wal-Mart Stores, LP, Defendant</u>. January 15, 2013 decided. Civil No. 1:11-cv-57-HSO-JMR. 2013 U.S. Dist. LEXIS 5852. Section II.B.2.c. and

U.S. District Court for the Southern District of Mississippi, Southern Division. <u>Renea Simmons, Shirley Gaines, Harry Simmons, Pansy Simmons, and Michael Fortenberry, individually, each in their own right and on behalf of the wrongful death beneficiaries of Willie Simmons, deceased v. Plaza Insurance Company, Inc., Defendant</u>. *Order Denying Motion to Exclude.* June 10, 2016. Cause No. 1:15cv288-LFG-RHW.

Note #10: The procedure for discounting to present
value is a Below Market Discount Rate (BMDR)
procedure. Attorneys have advised this
preparer that this procedure is in
conformance with applicable case law. This
procedure is in conformance with current
procedures and practices of the forensic
economics profession.

U.S. Government 10-year bond rates, 1975–
2014, average 6.79% annually. President of
the United States, Economic Report of the
President, 2015, Table B-17. http://www.
whitehouse.gov/sites/default/files/docs/cea_
2015_erp_complete.pdf.

During the same period, the general Consumer
Price Index (CPI-U) climbed an average 4.04%,
U.S. Bureau of Labor Statistics, Inflation
Rate, CPI-U, http://data.bls.gov/pdq/
SurveyOutputServlet.

The subject's income loss is net after income
taxes, so in equity, the interest earned on
any award must also be after taxes -- a
factor which reduces the BMDR 0.26% during
2016-2029, 0.34% during 2030-2032, 0.43%
during 2033-2041 and 0.00% during 2041-  .
Subject is assumed to not work during
retirement.

Thus, the BMDR is 2.49% (6.79% less 4.04%
less 0.26%) during 2016-2029, 2.41% (6.79%
less 4.04% less 0.34%) during 2030-2032,
2.32% (6.79% less 4.04% less 0.43%) during
2033-2041 and 2.75% (6.79% less 4.04% less
0.00%) during 2041-   . Attorneys have
advised this preparer of this precedent: "we
do not believe a court adopting such an
approach in a suit under P5(b) should be
reversed if it adopts a rate between 1 and 3%
and explains its choice." Supreme Court of
the United States, Jones & Laughlin Steel
Corp. v. Pfeifer, No. 82-131, 462 U.S. 523,
decided June 15, 1983.

PART V:  SUMMARY OF DOCUMENTATION

In drafting this report, the following documents were relied upon:

1. Gary R. Skoog, James E. Ciecka and Kurt V. Krueger, "A Markov Process Model of Labor Force Activity: Extended Tables of Central Tendency, Shape, Percentile Points, and Bootstrap Standard Errors," _Journal of Forensic Economics_, Vol. 22, No. 2, 2011;

2. U.S. Department of Health and Human Services, _United States Life Tables, 2010_. http://www.cdc.gov/nchs/ data/nvsr/nvsr63/nvsr63_07.pdf;

3. Hon. Carlos Moore, _text message_ on July 7, 2016;

4. U.S. Department of Labor, _Wages, Minimum Wage_. http://www.dol.gov/dol/topic/wages/minimumwage.htm;

5. U.S. Internal Revenue Service, _2015 Form 1040 Instructions_.  https://www.irs.gov/pub/irs-pdf/ i1040gi.pdf;

6. Mississippi Department of Revenue, _2015 Mississippi Resident Individual Income Tax Instructions_, Form 80-100. http://www.dor.ms.gov/Forms/80100151.pdf;

7. Michael R. Ruble, Robert T. Patton, and David M. Nelson, "Patton-Nelson Personal Consumption Tables 2011-12," _Journal of Legal Economics_, Vol. 21, No. 1, October 2014;

8. President of the United States, _Economic Report of the President, 2015_.  http://www.whitehouse.gov/sites/ default/files/docs/cea_2015_erp_complete.pdf;

9. ProQuest. _ProQuest Statistical Abstract of the United States, 2015_. Bernan Press.  http://statab. proquest.com.lynx.lib.usm.edu/sa/index.html;

10. Supreme Court of the United States, _Jones & Laughlin Steel Corp. v. Pfeifer_, No. 82-131, 462 U.S. 523, decided June 15, 1983;

11. U.S. Social Security Administration, _Trust Fund Data: Social Security & Medicare Tax Rates_. http://www. ssa.gov/oact/progdata/taxRates.html;

12. U.S. Social Security Administration, Trust Fund Data: Social Security Tax Rates. http://www.ssa.gov/oact/progdata/oasdiRates.html;

13. Michael R. Ruble, Robert T. Patton, and David M. Nelson, "Patton-Nelson Consumption Tables, 1997-98 Update," Journal of Forensic Economics, Vol. 13, No. 3, Fall 2000;

14. Gerald D. Martin and Marc A. Weinstein, Determining Economic Damages, Revision 24. Costa Mesa, CA: James Publishing Company, 2012;

15. Expectancy Data, The Dollar Value of a Day: 2013 Dollar Valuation. Shawnee Mission, Kansas, 2014;

16. U.S. District Court for the Southern District of Mississippi, Southern Division. Rosa Ashford and Otis Ashford, Plaintiffs v. Wal-Mart Stores, LP, Defendant. January 15, 2013 decided. Civil No. 1:11-cv-57-HSO-JMR. 2013 U.S. Dist. LEXIS 5852. Section II.B.2.c.;

17. U.S. District Court for the Southern District of Mississippi, Southern Division. Renea Simmons, Shirley Gaines, Harry Simmons, Pansy Simmons, and Michael Fortenberry, individually, each in their own right and on behalf of the wrongful death beneficiaries of Willie Simmons, deceased v. Plaza Insurance Company, Inc., Defendant. *Order Denying Motion to Exclude.* June 10, 2016. Cause No. 1:15cv288-LFG-RHW;

18. U.S. Bureau of Labor Statistics, Inflation Rate, CPI-U. http://data.bls.gov/pdq/SurveyOutputServlet.

```
                    PART VI:  SUMMARY
                 (Discounted to Present Value)

     Loss
     Source          Past Due      Future        Total

23. Wages           $11,784.    $96,913.    $108,697.

24. Entitlement
    Benefits            593.       6,106.       6,699.

25. Fringe
    Benefits            757.       7,797.       8,554.

26. Household
    Services         23,307.     341,530.     364,837.

27. TOTAL LOSS      $36,441.    $452,346.    $488,787.
```