IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRITTNEY MCDOUGLE, INDIVIDUALLY, AND                                     PLAINTIFFS
ON BEHALF OF THE HEIRS AND WRONGFUL
DEATH BENEFICIAIRES OF MICHAEL MCDOUGLE

V.                                          CIVIL ACTION NO. 3:15-cv-00350-CWR-FKB

NESHOBA COUNTY, MISSISSIPPI, *ET AL.*                                    DEFENDANTS

## MOTION OF JOSH RAY FOR SUMMARY JUDGMENT ON
## ALL PLAINTIFF'S CLAIMS

COMES NOW, Defendant, Philadelphia police officer Josh Ray ("Officer Ray"), by and through counsel, and moves this court for summary judgment on all Plaintiff's claims against him pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support, Officer Ray shows the following:

1.  This 42 U.S.C. Section 1983 civil rights action against Officer Ray in his official and individual capacities (the "federal claims") arise out of the arrest and subsequent death in jail of Michael McDougle. In addition to the federal claims, Plaintiff also asserts various state law claims arising out of the same incident.

2.  Officer Ray is entitled to summary judgment on all claims Plaintiff asserts against him in his official capacity because such claims are asserted against his employer, the City of Philadelphia, who is already a party to this lawsuit. Therefore, the claims against Officer Ray in his official capacity are redundant and should be dismissed. *Kentucky v. Graham*, 437 U.S. 159, 165 (1985); *McBride v. Davis*, No. 1:13-cv-27-HSO-RHW, 2015

WL 370110 at *4 (S.D. Miss. Jan. 28, 2015); *Pride v. City of Biloxi*, No. 1:10-cv-100-LG-RHW, 2011 WL 5835109 at *5 (S.D. Miss. Nov. 21, 2011).

3. Officer Ray is entitled to summary judgment on Plaintiff's false arrest claim because he did not arrest McDougle, however, even if he had, there was probable cause for McDougle's arrest. *Haggerty v. Texas S. Univ.,* 391 F.3d 653, 655-56 (5th Cir. 2004); *Lewis v. City of Jackson, Mississippi*, No. 3:12-cv-53-CWR-FKB, 2014 WL 282024 at *4 (S.D. Miss. Jan. 24, 2014) (quoting *Haggerty*, 391 F.3d at 655-56).

4. Officer Ray is entitled to summary judgment on Plaintiff's excessive use of force claim because his conduct in transporting McDougle to the police cruiser was objectively reasonable, *Deshotels v. Marshall*, 454 Fed. App'x 262, 266 (5th Cir. 2011), and Officer Ray did not violate any "clearly established" right. *Hogan v. Cunningham*, 722 F.3d 725, 735 (5th Cir. 2013).

5. Officer Ray is entitled to summary judgment on Plaintiff's delay/denial of medical care claims because McDougle was examined at the jail shortly after his arrest by paramedics who failed to diagnose any serious medical need and, therefore, the Plaintiff cannot meet her burden of proving that Officer Ray acted with deliberate indifference to an objectively serious medical need. *Estelle v. Gamble*, 429, U.S. 97, 104-06 (1976); *Lewis v. Pugh,* 289 Fed. App'x 767, 772 (5th Cir. 2008); *Holden v. Hirner*, 663 F.3d 336, 343 (8th Cir. 2011); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)); *Estate of Rosenberg v. Crandell*, 56 F.3d 35 (8th Cir. 1995).

6. Officer Ray is entitled to summary judgment on Plaintiff's state law claims because he is immune from suit under the Mississippi Tort Claims Act. *See* MCA §§ 11-46-7(2), 11-46-9(1); *Smith v. Brookhaven*, 914 So.2d 180 (Miss. Ct. App. 2005) *cert. denied* 921 So.2d 344 (Miss. 2005); *Gale v. Thomas*, So.2d 1150 (Miss. 1998).

7. Officer Ray is entitled to summary judgment because Plaintiff's state law claims are barred because she failed to strictly comply with the Mississippi Tort Claims Act pre-suit notice requirement. *See* MCA §§ 11-46-11(1), (2)(a)(i)(2); *University of Miss. Med. Ctr. V. Easterling*, 928 So. 2d 815, 819-20 (Miss. 2006); *Jones v. Laurel Family Clinic, P.A.*, 37 So. 3d 665, 668 (Miss. Ct. App. 2010); *Brown v. Southwest Miss. Reg'l Med. Ctr.*, 989 So. 2d 933, 936-37 (Miss. Ct. App. 2008).

8. Officer Ray is contemporaneously filing his memorandum of authorities in support of this Motion and incorporates by reference that memorandum as if fully laid out herein.

9. In further support of his Motion, Officer Ray submits the following:

EXHIBIT A - Transcript Excerpts from Billy Seales's Deposition, October 6, 2016.

EXHIBIT B - Transcript Excerpts from Eric Lyons's Deposition, August 15, 2016.

EXHIBIT C - Transcript Excerpts from Brad Crockett's Deposition, August 15, 2016.

EXHIBIT D - Transcript Excerpts from Dereck Moore's Deposition, August 15, 2016.

EXHIBIT E - Transcript Excerpts from Brandi Wyatt's Deposition, August 15, 2016.

EXHIBIT F - Transcript Excerpts from Amanda Monk's Deposition, August

11, 2016.

EXHIBIT G  -   Transcript Excerpts from Josh Ray's Deposition, August 15, 2016.

EXHIBIT H  -   Transcript Excerpts from Deshaun Groves's Deposition, September 20, 2016.

EXHIBIT I  -   Transcript Excerpts from Harvey Hickmon's Deposition, August 11, 2016.

EXHIBIT J  -   Transcript Excerpts from Evelyn McBeath's Deposition, August 11, 2016.

EXHIBIT K  -   Transcript Excerpts from Burton O'Berry's Deposition, August 11, 2016.

EXHIBIT L  -   Transcript Excerpts from Polly Boler's Deposition, October 6, 2016.

EXHIBIT M  -   Notice of Claim, May 27, 2015.

EXHIBIT N  -   Transcript Excerpts from Brandon Pope's Deposition, August 15, 2016.

WHEREFORE, PREMISES CONSIDERED, Defendant Josh Ray respectfully requests that this Court grant his motion for summary judgment on all Plaintiff's claims.

Dated this the 21st day of October, 2016.

    Respectfully submitted,

    Josh Ray,

    BY:   /s/ *D. Jason Childress*

**OF COUNSEL:**

JOHN D. PRICE (MSB #4495)
D. JASON CHILDRESS (MSB #103678)

**WISE CARTER CHILD & CARAWAY**
POST OFFICE BOX 651
JACKSON, MISSISSIPPI 39205-0651
Main Line: (601) 968-5500
Facsimile: (601) 944-7738
jdp@wisecarter.com
djc@wisecarter.com

## CERTIFICATE OF SERVICE

I, D. Jason Childress, do hereby certify that on this day, I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent such notification to all counsel of record:

Dated this the 21st day of October, 2016.

/s/ *D. Jason Childress*