IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRITTNEY MCDOUGLE, INDIVIDUALLY, ET AL.                      PLAINTIFF

VS.                                                     CIVIL ACTION NO. 3:15-cv-350-CWR-FKB

NESHOBA COUNTY, MISSISSIPPI , ET AL.                             DEFENDANTS

**REPLY TO PLAINTIFFS' RESPONSE TO NESHOBA COUNTY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendants Neshoba County, Mississippi, Sheriff Tommy Waddell, in his official capacity, and Jailers Amanda Monk, Evelyn McBeath, Harvey Hickmon, Burton O'Berry, Jamie Hutchinson, and Joey Curry, in their individual and official capacities ("Neshoba County Defendants"), by counsel and pursuant to F.R.C.P. 56, and file this their Reply to Plaintiffs' Response [175, 176] to their Motion for Summary Judgment [163, 164], as follows:

**INTRODUCTION**

The Neshoba County Defendants have demonstrated through their Motion for Summary Judgment, exhibits attached thereto, and Memorandum of Authorities that there are no genuine issues of material fact which would preclude the entry of summary judgment in their favor as to each of Plaintiffs' claims against them. Plaintiffs have the burden to rebut Defendants' motion with "significant probative evidence demonstrating the existence of a triable issue of fact." *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1977); *In re: Municipal Bond Reporting Anti-Trust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). By their Response, Plaintiffs have failed to carry their burden. Plaintiffs rely exclusively on the unsworn allegations contained in their Fourth Amended Complaint and conclusory denials in their Response, which are insufficient to defeat summary judgment.

**LAW AND ARGUMENT**

A. **Jailers Monk, McBeath, Curry, Hickmon, O'Berry, and Hutchinson are entitled to qualified immunity from Plaintiffs' federal law claims against them individually under 42 U.S.C. § 1983**

As set forth in Defendants' original memorandum, there is no evidence that any of these Defendants deprived McDougle of any constitutional right or that any of their actions were objectively unreasonable under clearly established law at the time of the conduct in question. Once the Neshoba County Defendants asserted their good faith qualified immunity defense, the burden shifted to the Plaintiffs to show that Defendants' allegedly wrongful conduct violated clearly established law. *Thompson v. Upshur County*, 245 F.3d 447, 456 (5th Cir. 2001). "Negating qualified immunity 'demands more than bald allegations and conclusionary statements.'" *Fleming v. Tunica County*, 497 F. App'x 381, 388 (5th Cir. 2012). As set forth below, Plaintiffs have failed to present any evidence to overcome Defendants' entitlement to qualified immunity as to each of Plaintiffs' federal claims against them in their individual capacities.

1. **Defendant jailers have qualified immunity from Plaintiff's claims of excessive force**

As an initial matter, Plaintiffs incorrectly assert that their claim against the Defendant jailers for excessive force should be analyzed under the Fourth Amendment. While the Fourth Amendment encompasses force used by law enforcement during the course of an arrest or investigatory stop, claims regarding the use of force against a pre-trial detainee in a correctional facility are analyzed under the Due Process Clause of the Fourteenth Amendment. *Estate of Henson v. Wichita County, Tex.*, 795 F.3d 456, 462 (5th Cir. 2015) (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The appropriate inquiry is "whether the measure taken inflicted unnecessary

and wanton pain and suffering" and "whether force was applied in a good faith effort to maintain and restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993), cert. denied, 509 U.S. 905(1993).

Regardless, Plaintiffs have presented no evidence whatsoever that any of these Defendants used force of any kind against McDougle – much less that any of them acted maliciously and sadistically to cause harm. In their Response, Plaintiffs repeat the unsubstantiated allegations contained in their Fourth Amended Complaint that "Defendants inflicted physical pain upon McDougle, by attacking him and tasering him while handcuffed, causing harm to his person." *See* Doc. [176], at 4. However, Plaintiffs are unable to point to any testimony or other evidence to support the same. As set forth in Defendants' original memorandum and the exhibits referenced therein, no such evidence exists.

Plaintiffs cannot defeat these Defendants' entitlement to qualified immunity with their bald and conclusory allegations. *See Fleming*, 497 F. Appx. at 388. F.R.C.P. 56 requires Plaintiffs to present the Court with admissible evidence demonstrating a genuine issue of material fact for trial as it pertains to their excessive force claim, which they have failed to do.

> **2.  Defendant jailers have qualified immunity from Plaintiffs' claims of deliberate indifference to McDougle's medical needs**

Plaintiffs argue in their Response that they "can show unto the Court that the Defendants, with reckless disregard for Plaintiffs' medical condition, took actions to deprive Plaintiff McDougle, the deceased, of his rights to medical care." *See* Doc. [176], at 5. However, Plaintiffs fail to cite any evidence in the record to support their conclusory allegations in that regard.

As set forth in Defendants' original memorandum, Plaintiffs have failed to present any

evidence that any of the jailers (1) had subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn, (2) that they actually drew that inference, or (3) that they responded to the risk in a way that indicated the jailer subjectively intended that harm occur, as required to establish a claim of deliberate indifference to serious medical needs. *See Estate of Allison v. Wansley*, 524 Fed. Appx. 963, 970 (5th Cir. 2013) (citing *Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009). There is no evidence that any of these jailers "refused to treat [McDougle], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). To the contrary, the undisputed evidence before the Court demonstrates that jail staff had McDougle evaluated by two certified paramedics shortly after his arrival at the jail, that the paramedics testified they did not find it necessary to consult with an ER physician regarding McDougle's condition or to transport him to the local hospital for further treatment, and that jail staff relied upon the paramedics' assessment. It is further undisputed that jail staff continued to monitor McDougle throughout the night, with no apparent change in his condition. The Neshoba County jailers went far beyond the precautions taken by the defendants in *Wansley*, where the Fifth Circuit held jailers were entitled to qualified immunity after an intoxicated arrestee died in her cell hours after she was brought in. Further, even if Plaintiffs could demonstrate that any of these Defendants were negligent – which they cannot – mere negligence is insufficient to establish a constitutional claim for deliberate indifference. *Gobert*, 463 F.3d at 346.

Plaintiffs cannot defeat these Defendants' entitlement to qualified immunity through bald and conclusory allegations. *See Fleming*, 497 F. Appx. at 388. F.R.C.P. 56 requires Plaintiffs to present the Court with admissible evidence demonstrating a genuine issue of material fact for trial as it

pertains to their deliberate indifference claim, which they have failed to do.

### 3. Defendant jailers have qualified immunity from Plaintiffs' equal protection claims against them

To establish a *prima facie* equal protection claim under the Fourteenth Amendment, Plaintiffs must prove that a state actor intentionally discriminated against McDougle because of his membership in a protected class or due to an irrational or arbitrary state classification unrelated to a legitimate state objective. *See Washington v. Davis*, 426 U.S. 229, 247-248 (1976). In their Response, Plaintiffs make vague, conclusory allegations that McDougle was treated "unfairly" and "unfavorably," and that "[t]here is no evidence that any of the other inmates in the Neshoba County Jail was treated the same way." *See* Doc. [180], at 7. However, Plaintiffs have failed to present any evidence that any of the Defendant jailers treated McDougle disparately from other intoxicated arrestees, or that they intentionally discriminated against McDougle based on his membership in any protected class.[1] To the contrary, they had him placed in his own cell several feet from the booking desk, they had him evaluated by certified paramedics, they took him water on multiple occasions, and they continued to monitor his him throughout the night. Plaintiffs have failed to cite any evidence or legal authority whatsoever in support of their equal protection claims against any of these Defendants.

Plaintiffs' conclusory allegations are insufficient to defeat qualified immunity. *See Fleming*, 497 F. Appx. at 388. F.R.C.P. 56 requires Plaintiffs to present the Court with admissible evidence demonstrating a genuine issue of material fact for trial as it pertains to their equal protection claim, which they have failed to do.

---

[1] Like McDougle, jail shift supervisor Harvey Hickmon and jailers Evelyn McBeath and Deshaun Groves are African-American.

**B. Plaintiffs' federal claims against Sheriff Waddell and Jailers Monk, McBeath, Curry, Hickmon, O'Berry, and Hutchinson in their official capacities are duplicative of their claims against Neshoba County and should be dismissed**

As discussed in Defendants' original memorandum, a suit against a government officer, such as a sheriff or jailer, in his or her official capacity is a suit against the office the employee holds and not the employee named. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Plaintiffs failed to address this argument in their Response. Instead, they simply argue that the claims they have asserted against the Defendant jailers in their individual capacities are claims for negligence and are different from the claims asserted against Neshoba County. *See* Doc. [180], at 7-8. However, as discussed *supra*, any claim Plaintiffs have asserted against the individual Defendants for mere negligence is irrelevant to their federal claims against Neshoba County under the Fourteenth Amendment. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (no vicarious liability under 42 U.S.C. § 1983). Plaintiffs have failed to cite any legal authority whatsoever in support of their position and cannot dispute that their official capacity claims under Section 1983 are duplicative of their federal claims against Neshoba County.

**C. Plaintiff has failed to establish a constitutional claim against Neshoba County**

Plaintiffs make the conclusory allegation in their Response that Neshoba County violated McDougle's constitutional rights through official policies or customs, and that "these policies, customs, and/or practices were the 'moving force' of the constitutional violations." *See* Doc. [180], at 8. However, Plaintiffs fail to identify which Neshoba County policy or custom they are referring to, much less how any such policy or custom actually caused a deprivation of McDougle's constitutional rights.

Plaintiffs further argue that Neshoba County was "deliberately indifferent to the known consequences of the policy because the Defendants, with reckless disregard for Plaintiff's medical condition, took actions to deprive McDougle of his medical care." *See* Doc. [180], at 8-9. Plaintiffs broadly claim that Neshoba County's indifference has been "established through sworn deposition testimony from Deshaun Groves and others." *Id.*, at 8. However, Plaintiffs again fail to identify which municipal policy or custom they are referring to or how any such policy deprived McDougle of his constitutional rights, nor can they cite to any excerpt from Groves' testimony or any other evidence whatsoever to support their vague allegations. In fact, as discussed in Defendants' original memorandum, Neshoba County had extensive policies and procedures in place at the time regarding intoxicated arrestees, inmate supervision, and inmate medical services, and these policies were complied with. *See* Doc. [26-3]. Groves also testified that McDougle was evaluated by paramedics shortly after his arrival at the jail, that he and other jail staff checked on him periodically thereafter, and that McDougle's condition had not changed when his shift ended at 3 a.m. *See* Groves Dep., at 37:19-25, 46:11-47:2, 57:2-58:9.

Additionally, Plaintiffs fail to address in their Response Neshoba County's summary judgment arguments regarding Plaintiffs' constitutional claim against it for deficient training of jail employees. Thus, Defendants' motion for summary judgment in that regard should be granted as unopposed. *See, e.g., Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that the failure by the plaintiff to defend her claim in response to a dispositive motion, i.e., "her failure to pursue this claim beyond her complaint constituted abandonment.").

As discussed in Defendants' original memorandum, Plaintiffs cannot establish a federal claim against Neshoba County because there is no evidence that any of these Defendants deprived

McDougle of his constitutional rights, much less that a policy or custom of Neshoba County was the "moving force" behind any such deprivation. *See Piotrowski*, 237 F.3d at 578; *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978). Plaintiffs' conclusory and unsupported allegations in that regard are insufficient to defeat summary judgment.

> **D. Plaintiffs' state law claims against the Neshoba County Defendants are barred by the immunities and protections of the MTCA**
>
> **1. Defendants Monk, McBeath, Hickmon, O'Berry, Hutchinson, and Curry have immunity from Plaintiffs' state law claims against them in their individual capacities under MISS. CODE ANN. § 11-46-7(2)**

As set forth in Defendants' original memorandum, the Mississippi Tort Claims Act provides that "no employee shall be personally liable for acts or omissions occurring within the course and scope of the employee's duties." MISS. CODE ANN. § 11-46-7(2). "[I]t shall be a rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment." MISS. CODE ANN. § 11-46-7(7).

In their Response, Plaintiffs argue that the "individual Defendants engaged in conduct that was outside the scope of their duties as employees." *See* Doc. [180], at 7. However, Plaintiffs have failed to present any evidence or legal authority whatsoever to support their allegation in that regard. The MTCA provides that "an employee shall not be considered as acting within the course and scope of his employment . . . if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense." MISS. CODE ANN. § 11-46-7(2). Plaintiffs have failed to establish that any of these Defendants engaged in any such conduct that would fall outside the course and scope of their employment as jailers. Plaintiffs' conclusory and unsupported allegations in that regard are insufficient to overcome summary judgment.

### 2. Each of the Neshoba County Defendants have immunity from Plaintiffs' state law claims against them under Miss. Code Ann. 11-46-9(1)(m)

As set forth in Defendants' original memorandum, the MTCA provides immunity to government entities and their employees acting within the course and scope of their employment from any state law claims that arose while McDougle was incarcerated at Neshoba County Jail. MISS. CODE ANN. § 11-46-9(1)(m). In their Response, Plaintiffs argue that not all of the acts or omissions complained of occurred at the Neshoba County Jail. However, it is undisputed that any incidents occurring prior to McDougle arriving at the jail would not have implicated any of the Neshoba County Defendants. McDougle was detained, arrested, and transported to the jail by officers of the Philadelphia Police Department. Moreover, Plaintiffs have failed to present any evidence whatsoever that any of the Defendant jailers were acting outside the course and scope of their employment such that the immunities of the MTCA would not apply.

Accordingly, there are no genuine issues of material fact as to these Defendants' entitlement to immunity from Plaintiffs' state law claims against them under MISS. CODE ANN. § 11-46-9(1)(m), and Plaintiffs' claims against them in that regard should be dismissed as a matter of law.

### 3. Plaintiffs' claims against these Defendants are barred due to their failure to comply with the MTCA's mandatory pre-suit notice requirements

These Defendants demonstrated in their original memorandum that Plaintiffs failed to comply with the MTCA's pre-suit notice requirements, which required them to serve a notice of claim upon the chancery clerk of Neshoba County at least 90 days before filing suit. MISS. CODE ANN. § 11-46-11. Plaintiffs failed to address this argument in their Response and appear to have conceded the same. Accordingly, Plaintiffs' state law claims against these Defendants are barred and should be dismissed for this reason, as well.

## CONCLUSION

For all of the reasons set forth herein and in Defendants' original memorandum, there are no genuine issues of material fact as to Plaintiffs' claims against the Neshoba County Defendants, and these Defendants are entitled to judgment as a matter of law.

Respectfully submitted, this the 14th day of November, 2016.

SHERIFF TOMMY WADDELL, AMANDA MONK, EVELYN MCBEATH, HARVEY HICKMAN, BURTON O'BERRY, JAMIE HUTCHINSON, JOEY CURRY, AND NESHOBA COUNTY, MISSISSIPPI

BY: /s/ *Steven J. Griffin*
     OF COUNSEL

ROY A. SMITH, JR. - BAR # 7599
rsmith@danielcoker.com
STEVEN J. GRIFFIN - BAR # 103218
sgriffin@danielcoker.com
DANIEL, COKER, HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

## CERTIFICATE OF SERVICE

I, Steven J. Griffin, of counsel for the Neshoba County Defendants do hereby certify that I have this day served by United States mail a true and correct copy of the above and foregoing pleading to:

>Carlos Moore, Esq.
>carlos@carlosmoorelaw.com
>
>>***Attorney for Plaintiff***
>
>John D. Price, Esq.
>jdp@wisecarter.com
>
>Jason D. Childress, Esq.
>jdc@wisecarter.com
>
>>***Attorneys for City of Philadelphia, Chief Grant Myers, Brad Crockett, Eric Lyons, and Brandon Pope***

THIS, the 14th day of November, 2016.

>>/s/ *Steven J. Griffin*