IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRITTNEY MCDOUGLE, INDIVIDUALLY,
AND ON BEHALF OF THE HEIRS AND
WRONGFUL DEATH BENEFICIARIES
OF MICHAEL D. MCDOUGLE, SR., DECEASED,
AND THE ESTATE OF MICHAEL MCDOUGLE,
THROUGH MARY MCDOUGLE, ADMINISTRATOR
OF ESTATE     PLAINTIFFS

V.     CIVIL ACTION NO. 3:15-cv-00350-CWR-FKB

BRANDI WYATT AND DERECK MOORE
IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES AND
NESHOBA COUNTY GENERAL HOSPITAL     DEFENDANTS

**PLAINTIFFS' FIFTH AMENDED COMPLAINT**
(JURY TRIAL DEMANDED)

    COME NOW Plaintiffs BRITTNEY MCDOUGLE, INDIVIDUALLY, AND ON BEHALF OF THE HEIRS and WRONGFUL DEATH BENEFICIARIES OF MICHAEL D. MCDOUGLE, SR., DECEASED AND THE ESTATE OF MICHAEL MCDOUGLE, THROUGH MARY MCDOUGLE, ADMINISTRATOR OF ESTATE (hereinafter Plaintiffs), by and through their attorneys of record, and file this, their FIFTH AMENED COMPLAINT, and would allege the following:

PARTIES

1. Plaintiff Brittney McDougle is an adult resident citizen of Mississippi residing in Philadelphia, Mississippi.

2. Plaintiff, Mary McDougle, is an adult resident citizen of Mississippi residing in Philadelphia, Mississippi.

3. Defendant Brandi Wyatt (hereinafter Defendant Wyatt) is an adult resident citizen of Philadelphia, Mississippi employed by Neshoba County General Hospital or its subsidiary and who may be served with process at Neshoba County General Hospital, located at 1001 Holland Ave., Philadelphia, Mississippi 39350.

4. Defendant Dereck Moore (hereinafter Defendant Moore) is an adult resident citizen of Enterprise, Mississippi employed by Neshoba County General Hospital or its subsidiary and who may be served with process at Neshoba County General Hospital, located at 1001 Holland Ave., Philadelphia, Mississippi 39350.

5. Defendant Neshoba County General Hospital (hereinafter Defendant Hospital) is a public, county or governmental entity that may be served with process by service upon Lee McCall, Chief Executive Officer, at Neshoba County General Hospital, located at 1001 Holland Ave., Philadelphia, Mississippi 39350.

## JURISDICTION

6. This court has jurisdiction over the personal jurisdiction herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all Defendants are domiciled in Mississippi.

7. This court has subject matter jurisdiction pursuant to 28 USC 1331, as the events giving rise to this action involve a federal question.

## VENUE

8. Venue is proper in this Court pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended , in that the incidents which gave rise to these claims occurred in Neshoba County, Mississippi, which is located within the Southern District of Mississippi.

## UNDERLYING FACTS

9. On or about November 1, 2014, Michael D. McDougle, Sr., was arrested in Philadelphia, Mississippi after a violent struggle by police officers employed by the City of Philadelphia.

10. McDougle, Sr. was transported to the Neshoba County Jail in Philadelphia, Mississippi where he was held overnight. Upon arriving to the jail, both the City of Philadelphia police officer and jailers employed by Neshoba County asked paramedics employed by Defendant, Neshoba County General Hospital, Defendants, Brandi Wyatt and Dereck Moore, to examine and treat Michael McDougle, Sr. Defendants Wyatt and Dereck Moore examined Mr. McDougle; however they failed to take all of his vital signs, failed to treat him, and failed to transport him to the hospital to see a physician even though he was obviously incapacitated and in need of a thorough and complete medical assessment, evaluation, and treatment.

11. Subsequently, while still in custody, Mr. McDougle, was found dead on the morning of November 2, 2014 at the Neshoba County Jail. A subsequent autopsy report revealed that Mr. McDougle died of both head trauma and mixed drug toxicity. Mr. McDougle was 29 years of age.

12. As a result of the foregoing, Plaintiffs were caused to suffer pain and suffering as well as physical, mental, and emotional injuries. Mr. McDougle also died.

**COUNT ONE**
**CONSTITUTIONAL VIOLATIONS PURSUANT TO 42 U.S.C.A. § 1983, DUE TO PATTERNS, POLICIES, PRACTICES AND/OR CUSTOMS OF NESHOBA COUNTY GENERAL HOSPITAL**

13. The Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

14. The Plaintiffs allege that Defendant Neshoba County General Hospital is liable for violating McDougle's constitutional rights, pursuant to § 1983, as said Defendant violated McDougle, Sr.'s constitutional rights via: (1) official policies or customs, of which (2) Defendants Wyatt and/or Moore had actual or constructive knowledge, and (3) said policies, customs, and/or practices were the "moving force" of the constitutional violations perpetrated by Defendants Wyatt and/or Moore.

15. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and/or reckless conduct. These Defendants conspired to protect their own interests and reputations, to the disregard and detriment of McDougle, Sr.

16. As a direct and proximate result of Defendants' acts of reckless disregard and deliberate indifference to the serious medical need of Mr. McDougle, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

**COUNT TWO**
**VIOLATION OF DUE PROCESS, EQUAL PROTECTION,**
**CIVIL RIGHTS LAW UNDER 42 U.S.C. Section 1983 and 28 U.S.C.**
**Section 1343 et al**

17. The Plaintiffs incorporate and adopts all prior paragraphs, averments, and statements.

18. Plaintiffs would show unto the Court that the Defendants intentionally, wantonly, and/or with a reckless disregard for McDougle, Sr.'s rights took action to deprive McDougle, Sr. of his due process rights under federal laws, equal protection rights under federal laws, and violated other of McDougle, Sr.'s civil rights under federal laws.

19. The Plaintiffs suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

20. McDougle, Sr.'s right to due process and/or equal treatment was denied and he suffered damages as a result of being denied adequate medical care by the defendant paramedics

who were deliberately indifferent to his need to have all of vital signs taken and to be evaluated and/or treated by a licensed physician or certified nurse practitioner at the nearest hospital or emergency department.

21. Plaintiffs would show unto the Court that the Defendants acted with deliberate indifference to McDougle, Sr.'s need for medical care, in violation of his rights under the Eighth and/or Fourteenth Amendment.

## COUNT THREE
## WRONGFUL DEATH

22. The Plaintiffs re-allege and incorporate each and every preceding paragraphs as if fully set forth herein.

23. As a direct and proximate result of Defendants' constitutional violations and deliberate indifference as described above, Michael McDougle, Sr., sustained injuries which proximately caused his death on or about November 2, 2014.

24. As a direct and proximate result of the foregoing, and the death of Michael McDougle, Sr., Plaintiffs have been deprived of their kind and loving husband and father's, Michael McDougle, Sr., care, comfort, society, protection, love, companionship, affection, solace, moral support, and/or physical assistance in the operation and maintenance of the home. McDougle, Sr. also experienced pre-death pain and suffering prior to expiring from head trauma and/or mixed drug toxicity.

## COUNT SIX
## INJUNCTION PROHIBITING FUTURE CONDUCT OF A SIMILAR CHARACTER, KIND OF NATURE

25. The Plaintiffs re-allege and incorporate each and every preceding paragraph as if fully set forth herein.

26. The Plaintiffs are entitled to, and hereby request, an injunction prohibiting the Defendants from committing conduct of the like, kind, character and nature as that demonstrated and described in this complaint at any time in the future within the jurisdiction of the United States District Court for the Southern District of Mississippi, Northern Division.

## COUNT SEVEN
## GENERAL NEGLIGENCE

27. The Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

28. The Plaintiffs allege that the Defendants Wyatt and Moore, in their Individual Capacities, breached their duties of ordinary care, and proximately caused Plaintiffs' injuries.

29. As a direct and proximate result of Defendants' negligence, the Plaintiffs sustained the

## COUNT TWELVE
## DELIBERATE INDIFFERENCE AND/OR
## DENIAL/DELAY OF ACCESS TO MEDICAL CARE

30. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

31. Plaintiffs would show unto the Court that the Defendants, with reckless disregard for Plaintiffs' medical condition, took actions to deprive Plaintiffs, Michael D. McDougle, Sr., deceased, of his rights to medical (physician) care.

32. Plaintiffs suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## PRAYER FOR APPROPRIATE RELIEF

33. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

34. As a result of the acts, policies, customs, procedures, or failures of the Defendants named herein whether intentional, as a result of negligence, gross negligence, negligence per se, deliberate indifference, other constitutional violations, or reckless disregard for the safety

and well-being of decedent, Plaintiffs have suffered severe damages for which the Defendants should be held jointly and vicariously liable.

35. All Defendants are jointly and severally liable to the Plaintiffs for the following damages: past, present and future pain, suffering and mental and emotional anguish; past, present and future loss of mobility and capacity; loss of enjoyment of life's normal activities; loss of society, lost wages, loss of wage earning capacity, loss of consortium, and all other damages to be proved at trial.

36. The Plaintiffs bring this action against all Defendants and demand judgment and compensatory damages as a result of the acts, breaches, or failures enumerated herein, in an amount to be determined by a jury.

37. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of Plaintiffs as well as decedent, and others similarly situated, as to amount to willful, wanton and/or intentional misconduct, thereby entitling Plaintiffs to an award of punitive damages to be determined by a jury, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED**, the Plaintiffs respectfully pray for judgment against all Defendants including compensatory damages, Veasley damages, punitive damages, injunctive relief, any and all damages allowed by federal or state law, attorney's fees, pre-judgment interest, post judgment interest, and all costs of this proceeding, with such final amount being at least $1,000,000.00 or an amount determined by a jury.

This the 18th day of November, 2016.

RESPECTFULLLY SUBMITTED,

BRITTNEY MCDOUGLE, ET AL.
PLAINTIFFS

BY:  /s/ Carlos E. Moore
CARLOS E. MOORE, MSB# 100685
COUNSEL FOR PLAINTIFFS

OF COUNSEL:

**MOORE LAW GROUP, P.C.**
306 Branscome Drive
P. O. Box 1487
GRENADA, MS 38902
(662)227-9940 (PHONE)
(662)227-9941 (FAX)
carlos@carlosmoorelaw.com

CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

John D. Price, Esq.
Wise Carter Child & Caraway, P.A.
P. O. Box 651
Jackson, MS 39205-0651
*Attorney for Defendant City of Philadelphia*

Roy A. Smith, Jr., Esq.
Steven J. Griffin, Esq.
Daniel Coker Horton & Bell, PA
P. O. Box 1084
Jackson, MS 39215
*Attorney for Defendants Tommy Waddell and Neshoba County, MS*

THIS, the 18th November, 2016.

 /s/ Carlos E. Moore
Carlos E. Moore, Esq.