IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRITTNEY MCDOUGLE, INDIVIDUALLY, AND                                    PLAINTIFF
ON BEHALF OF THE HEIRS AND WRONGFUL
DEATH BENEFICIARIES OF MICHAEL MCDOUGLE

VS.                                           CIVIL ACTION NO. 3:15-CV-00350-CWR-FKB

NESHOBA COUNTY, MS, ET AL.                                              DEFENDANTS

### NESHOBA COUNTY GENERAL HOSPITAL'S
### OBJECTION TO MAGISTRATE JUDGE'S ORDER

Neshoba County General Hospital (the "Hospital"), by and through counsel, files this Rule 72 Objection to the Magistrate Judge's Text-Only Order on November 17, 2016, which allowed Plaintiff leave to file her Fifth Amended Complaint.

The Hospital already defended against Plaintiff's allegations, and dismissal with prejudice took place in July. Approximately four months later, Plaintiff moved to amend, proposing a Fifth Amended Complaint. In said amendment, Plaintiff seeks to add a new theory against the Hospital under 42 U.S.C. Section 1983 that she failed to raise in the first five versions. The Magistrate Judge granted the Plaintiff leave to amend by text-only Order.

The Hospital had no chance to object to the proposed amendment, which is nothing more than an untimely attempt to undo the final Judgment of July and the finality the Hospital enjoyed. Accordingly, the Hospital requests the Court partially reverse the Magistrate Judge's Order and prohibit Plaintiff from reviving her claims against the Hospital.

### **PROCEDURAL BACKGROUND**

1. Plaintiff commenced this action this action in May 2015. The Court set February 22, 2016 as the deadline for joining additional parties and amending pleadings.

2. The Hospital was first made a party to this action on March 24, 2016, when it was served with Plaintiff's Second Amended Complaint. *(Dkt. 49).* Plaintiff asserted only state-law medical malpractice claims against the Hospital, which were clearly barred by the statute of limitations. *See* MISS. CODE ANN. § 11-46-11(3)(a).

3. Shortly thereafter, the Hospital filed a Motion to Dismiss Plaintiff's medical malpractice claims with prejudice. *(Neshoba County General Hospital's Motion to Dismiss, Dkt. 52).*

4. In response, Plaintiff conceded she had no viable claims under state law, but argued that she believed "the customs, policies, and procedures of Neshoba County General Hospital were the moving force behind the hospital employees violating the decedent's constitutional rights." *(Pl's Response to Motion to Dismiss, Dkt. 59).* The Court would correctly view this as argument for relief pursuant to 42 U.S.C. § 1983. *(Order Granting Motion to Dismiss, Dkt. 103).* However, the then-in-force complaint did not include a Section 1983 claim against the Hospital. *(Second Amended Complaint, Dkt. 42).*

5. This Court granted Plaintiff's Motion to Dismiss in July 2016, finding Plaintiff's medical malpractice claims time-barred. *(Dkt. 103).* In so doing, the Court noted that Plaintiff had ample notice and opportunity to include a claim pursuant to 42 U.S.C. Section 1983, but failed to do so. *Id.*

6. More than three months later and more than eight months after the deadlines for joining parties and amending pleadings, Plaintiff sought leave to file a Fifth Amended Complaint, adding the Hospital and two individual paramedics and dismissing all other Defendants. *(Pl's Motion to Amend/Correct, Dkt. 192).* Plaintiff represented that "Defendants do not oppose this current Motion to Amend." *Id.* Having already been dismissed, neither the

   Hospital nor its counsel were ever contacted to ascertain its position on the Motion to Amend.

7. Two days later, the Magistrate Judge entered a text-only Order granting Plaintiff's request to file her Fifth Amended Complaint. *(November 17, 2016 Text-Only Order).* The Hospital received notice of the complaint, and of the Magistrate Judge's text-only Order, on December 28, 2016 by service of process pursuant to Federal Rule of Civil Procedure 4.

8. For the reasons set forth below, the Hospital hereby files this Objection to the Magistrate Judge's text-only Order from November 17, 2016, which gave Plaintiff her sixth try at a complaint and effectively revived her case against the Hospital.

## **DISCUSSION AND ANALYSIS**

***The Hospital Requests a Full and Fair Review on its Objection***

First and foremost, the Hospital urges this Court give full consideration to its Response rather than simply review the Magistrate Judge's text Order on an abuse-of-discretion standard. Plaintiff represented that her Motion to Amend [192] was unopposed by "Defendants," but more accurately the motion was unopposed by the <u>remaining</u> Defendants. The Hospital was no longer in the case when Plaintiff's Motion was filed and was never contacted by Plaintiff's counsel to ascertain whether it opposed the amendment.

Thus quite understandably, the Magistrate Judge granted the purportedly unopposed Motion three days later. If the Court merely defers to the Magistrate Judge's discretion, however, the Hospital will be deprived of a full and fair opportunity to respond on this issue and will be denied process to which it is entitled.

Normally, the district judge only sets aside an order or part of an order by the Magistrate Judge "that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). This deferential

standard is inapplicable when it would deprive a litigant of its opportunity to be heard. *See Nature's One, Inc. v. Spring Hill Jersey Cheese, Inc.*, 2016 WL 4094959, at *1 (S.D. Ohio Aug. 2, 2016) (proceeding "to examine the merits of Plaintiff's arguments" instead of simply deferring to magistrate's discretion, where motion was granted before time for response had expired).

The Hospital recognizes that the Court has considerable discretion in ruling on its Objection. It simply requests that the Court exercise such discretion only after a full and fair review.

***The Amendment Should Not Be Allowed***

Rule 15(a)(2) allows amendment "only with the opposing party's written consent or the court's leave[,]" and leave should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). Yet the rule "is not a mechanical absolute." *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982) (internal quotations omitted). The District Court is afforded discretion in deciding whether to grant leave to amend, and "may consider such factors as prejudice to the opposing party, undue delay, repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment." *Id.* Where, as here, the Plaintiff seeks to amend after the deadline for doing so has long passed, she must meet the additional burden of demonstrating "good cause" within the meaning of Rule 16(b). *Henry's Marine Serv, Inc. v. Fireman's Fund Ins. Co.*, 193 F. App'x 267, 276 (5th Cir. 2006). Because Plaintiff has so delayed, she must show "the delay 'was due to oversight, inadvertence, or excusable neglect . . . .'" *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981); *Freeman*, 381 F.2d at 469; *Dussouy*, 660 F.2d at 598 n.2.

Concerns of finality, ever present here, counsel heavily against allowing an amendment to resuscitate this already-dismissed case against the Hospital. This principle is clearly recognized by

the Fifth Circuit within the context of dismissal on the merits.[1] *Johnson v. City of Shelby, Miss.*, 743 F.3d 59, 62-63 (5th Cir. 2013), *reversed on other grounds*, 135 S. Ct. 346 ("The district court—as well as the [Defendant]—need not be subjected to successive theories of the plaintiffs' case."); *Henry's Marine Serv.*, 193 F. App'x at 276 (holding denial of motion to amend complaint was proper, given that district court had already granted summary judgment); *Woods*, 687 F.2d at 121 (affirming denial of leave to amend answer following summary judgment against defendant, recognizing that "meaningful consideration should be accorded the proposition that all litigation must have a timely termination"); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 n.2 (5th Cir. 1981) ("[T]he concerns of finality in litigation become even more compelling [when the] litigant has had the benefit of a day in court, in some fashion, on the merits of his claim"); *Gregory*, 634 F.2d at 202-03 (affirming denial of motion to amend after motions to dismiss and for summary judgment "were taken under submission" even though they had yet to be resolved); *Freeman v. Continental Gin Co.*, 381 F.2d 459, 468-69 (5th Cir. 1967) ("Much of the value of summary judgment procedure . . . would be dissipated if a party were free to rely on one theory . . . and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory.").

The reasoning from these cases is especially operative here, given the procedural timeline of this case and the prejudice the Hospital would suffer by the sought amendment. The Hospital succeeded in its defense and was able to close the books on this litigation, or so it thought. It would significantly prejudice the Hospital to defend for the second time a case that it already had won several months ago. These are the very policies underpinning claim preclusion or *res judicata*, the "venerable legal cannon which proclaims that a valid and enforceable final judgment precludes a

---

[1] The Court's July dismissal of the Hospital was indeed with prejudice. *See* (Dkt. 103); *see also* FED. R. CIV. P. 41(b) (unless stated otherwise, a dismissal "operates as an adjudication on the merits").

second suit between the same parties on the same claim or any part thereof." *Medina v. INS*, 993 F.2d 499, 503 (5th Cir. 1993). *Res judicata* would clearly bar Plaintiff from a second try against the Hospital in another case.[2] Identical justifications should bar a second untimely try here.

Further militating against allowing Plaintiff's amendment as to the Hospital are the well-documented and unexplained delays in raising the Section 1983 claim. In its July order dismissing the Hospital, the Court stated:

> Three months after the hospital moved to dismiss, and two months after its rebuttal pointed out that there was no § 1983 claim brought against it, [the Plaintiff sought leave to file a Third Amended Complaint that] once against does not state any claim against the hospital beyond medical malpractice—which she already admitted was time-barred . . . [G]iven that she was already on notice of the defects, it is not clear why she reasserted the medical malpractice claim or why she failed to actually articulate a § 1983 claim against the hospital in the Third Amended Complaint.

*(Dkt. 103).*

Since then, Plaintiff's delay by failing to plead against the Hospital under Section 1983 has increased. It was only after four more months, a settlement with other Defendants, and two additional versions of the complaint that Plaintiff finally included a Section 1983 claim against the Hospital. No articulable "oversight, inadvertence, or excusable neglect" should be able to justify such a delay, *Gregory v. Mitchell*, 634 F.2d at 203, especially after the Court's very clear order dismissing the Hospital and identifying the pleading deficiency. *(Dkt. 103).*

Given the importance of finality recognized by all federal courts, the prejudice that amendment would cause the Hospital, and Plaintiff's unexcused delay, it is respectfully submitted that pursuit of the claims contained in the Fifth Amended Complaint should not be permitted.

---

[2] "[A] prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (alterations and citations omitted).

## **CONCLUSION**

For the foregoing reasons, the Hospital respectfully files this Objection to the Magistrate Judge's Text Order permitting Plaintiff to file a Fifth Amended Complaint. The Court should allow the amendment only as to the individual paramedics. The Hospital has already successfully defended this case once and should not be required to do so again.

DATED this the 10th day of January, 2017.

                                                Respectfully submitted,

                                                **NESHOBA COUNTY GENERAL HOSPITAL**

                                                BY:   */s/ Mark P. Caraway*

                                                       */s/ Grafton E. Bragg*

OF COUNSEL:

MARK P. CARAWAY (MSB # 5860)
GRAFTON E. BRAGG (MSB # 104821)
WISE CARTER CHILD & CARAWAY, P.A.
401 East Capitol Street, Suite 600 (39201)
Post Office Box 651
Jackson, Mississippi 39205-0651
Telephone:    601-968-5500
Facsimile:    601-968-5519
mpc@wisecarter.com
geb@wisecarter.com

**CERTIFICATE OF SERVICE**

      I, Grafton E. Bragg, do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the MEC, which sent notification of such filing to the following:

      Carlos E. Moore, Esq.
      MOORE LAW GROUP, P.C.

THIS 10th day of January, 2017.

                                                      */s/ Grafton E. Bragg*