IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRITTNEY MCDOUGLE, INDIVIDUALLY, AND
ON BEHALF OF THE HEIRS AND WRONGFUL
DEATH BENEFICIARIES OF MICHAEL D. MCDOUGLE,
SR., DECEASED, AND THE ESTATE OF MICHAEL
MCDOUGLE, THROUGH MARY MCDOUGLE,
ADMINISTRATOR OF ESTATE                                                    PLAINTIFFS

V.                                            CIVIL ACTION NO. 3:15-CV-00350-CWR-FKB

BRANDI WYATT AND DERECK MOORE,
IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES, AND
NESHOBA COUNTY GENERAL HOSPITAL                                  DEFENDANTS

PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' RESPONSE
IN OPPOSITION TO DERECK MOORE'S AND BRANDI WYATT'S
MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF
QUALIFIED IMMUNITY AND MTCA IMMUNITY

**COMES NOW** Plaintiffs, Brittney McDougle, individually, and on behalf of the heirs and

wrongful death beneficiaries of Michael D. McDougle, Sr., deceased, and the estate of Michael

McDougle, through Mary McDougle, Administrator of estate, by and through their counsel of record,

and files this, *Memorandum in Support of Plaintiffs' Response in Opposition to Dereck Moore's and*

*Brandi Wyatt's Motion for Summary Judgment on the Basis of Qualified Immunity and MTCA*

*Immunity*. Plaintiffs move this Honorable Court to deny Defendants' *Motion* and request a hearing on

said *Motion*, and as grounds therefore, would state as follows:

### INTRODUCTION

This case arises from the death of Michael McDougle, Sr. ("Plaintiff McDougle") in the Neshoba

County Jail in Philadelphia, Mississippi. On November 1, 2014, Plaintiff McDougle was arrested by

police officers employed with the City of Philadelphia Police Department. During his arrest, Plaintiff

McDougle was brutally beaten and tasered by the police officers. Thereafter, Plaintiff McDougle was transported to the Neshoba County Jail and incarcerated.

Upon Plaintiff McDougle's arrival, the police officers and the jailers employed with the Neshoba County Sheriff's Department, requested the paramedics, Brandi Wyatt ("Defendant Wyatt") and Dereck Moore ("Defendant Moore") (collectively referred to as "Defendants"), employed with the Neshoba County Hospital ("Defendant Hospital"), to examine and treat Plaintiff McDougle as Plaintiff McDougle was incapacitated. Defendants examined Plaintiff McDougle; however, failed to conduct a thorough and complete medical assessment. Moreover, Defendants failed to treat Plaintiff McDougle and transport him to the hospital for additional care.

As a result of Defendants' deliberate indifference to the serious medical needs of Plaintiff McDougle, on November 2, 2014, Plaintiff McDougle was found dead in his jail cell. An autopsy report revealed that Plaintiff McDougle died of a head trauma. On May 8, 2015, Plaintiffs filed a *Complaint* indicating that Neshoba County, Mississippi, Sheriff Tommy Waddell, City of Philadelphia, Mississippi, Chief Grant Myers, and police officers with the City of Philadelphia Police Department are liable for (1) constitutional violations pursuant to *42 U.S.C.A. Section 1983*, due to patterns, policies, and practices and/or customs of subject governmental entities; (2) civil assault and battery; (3) violation of equal protection, civil rights laws under *42 U.S.C. Section 1983* and *28 U.S.C. Section 1343*; (4) excessive force; and (5) wrongful death.

On May 11, 2015, Plaintiffs filed an *Amended Complaint* adding jailers employed with the Neshoba County Sheriff's Department. On February 19, 2016, Plaintiffs filed a *Second Amended Complaint* adding Neshoba County General Hospital. Further, Plaintiffs indicated that Defendants are also liable for: (1) general negligence; (2) negligent, grossly negligent, and wanton failure in hiring and monitoring, supervising, and training; (3) intentional and negligent infliction of emotional distress; (4) false arrest/imprisonment; (5) medical malpractice/professional negligence; and (6) deliberate indifference and denial/delay of access to medical care.

On April 11, 2016, Defendant Hospital filed their *Motion to Dismiss* alleging that the claims against the hospital are time barred by the statute of limitations, Plaintiffs failed to provide a *Notice of Claim*, and the hospital is afforded immunity. On May 3, 2016, Plaintiffs filed their *Response* indicating that Plaintiffs do not object to the dismissal of the claims under the Mississippi Torts Claims Act against the hospital; however, Plaintiffs did object to the dismissal of the *42 U.S.C. Section 1983* claims as the customs, policies, and procedures of the hospital were the moving force behind the hospital employees violating Plaintiff McDougle's constitutional rights.

On May 9, 2016, Defendant Hospital filed its *Rebuttal to Plaintiffs' Response* alleging that Plaintiffs have not asserted any facts that would support a claim made under either the United States Constitution or federal statue. On July 28, 2016, the Magistrate Judge entered an *Order* indicating that Plaintiffs failed to state a claim of any kind against Defendant Hospital and Defendant Hospital must be removed from the *Third Amended Complaint*. On or about August 3, 2016, Plaintiffs filed a *Third Amended Complaint* adding additional jailers and removing Neshoba County General Hospital.

On August 18, 2016, Plaintiffs filed a *Fourth Amended Complaint* adding an additional jailer. Notably, Defendants filed their *Answers* to each *Complaint* denying liability. On November 15, 2016, Plaintiffs filed their *Motion to Amend Fourth Amended Complaint* to dismiss all the current Defendants as all the claims against the current Defendants were tentatively settled conditioned upon the Chancery Court approving the minor settlement of the minors' claims. Further, Plaintiffs requested to name the paramedics, Brandi Wyatt and Dereck Moore, in their individual and official capacities, as Defendants for being deliberately indifferent to the serious medical needs of Plaintiff McDougle and delaying and denying him access to medical/hospital/physician care, causing or contributing to his wrongful death. Additionally, Plaintiffs requested to name Neshoba County General Hospital as a Defendant for its policies, patterns, practices, or customs being the moving force behind Defendants deliberate indifference to the serious medical needs of Plaintiff McDougle.

3

On November 17, 2016, the Magistrate Judge entered a *Text-Only Order* granting *Plaintiffs' Motion to Amend*. On November 18, 2016, Plaintiff filed their *Fifth Amended Complaint* against Defendants Wyatt and Moore and Defendant Hospital indicating that Defendants are liable for (1) constitutional violations pursuant to *42 U.S.C. Section 1983*, due to patterns, policies, practices and/or customs; (2) violation of due process, equal protection, civil rights law under *42 U.S.C. Section 1983* and *28 U.S.C. Section 1343*; (3) wrongful death; (4) general negligence; and (5) deliberate indifference and/or denial/delay of access to medical care.

On January 10, 2017, Defendant Hospital filed its *Objection to Magistrate Judge's Order* alleging the Defendant Hospital previously defended against Plaintiffs' claims and the Magistrate Judge entered a dismissal of those claims, with prejudice. Plaintiff's filed their *Response* indicating that Defendant Hospital's *Objection to Magistrate Judge's Order* should be denied as the objection is untimely, the *Text-Only Order* granting leave to amend was proper and the magistrate judge's June 2016 *Order* did not dismiss Plaintiffs' claims against the hospital with prejudice or grant Defendant Hospital's *Motion to Dismiss*.

On January 18, 2017, Defendants filed their *Motion for Summary Judgment* alleging that summary judgment and dismissal, with prejudice, on all claims against them is proper pursuant to *Federal Rule of Civil Procedure 56* and based on their qualified immunity under federal law and immunity under the *Mississippi Tort Claims Act*.

As outlined below, the Defendants' *Motion for Summary Judgment* should be denied, as a matter of law, and a jury should be afforded the opportunity to determine if Defendants' deliberate indifference to the serious medical needs of Plaintiff McDougle ultimately caused his death. Moreover, Defendants are not entitled to qualified immunity as their conduct violated clearly established statutory and/or clearly established constitutional rights, and their conduct was objectively unreasonable in light of the clearly established law. Further, Plaintiffs' state law claims

are not barred against Defendant due to Defendants' malicious acts. Thus, there are genuine issues of material fact to survive a *Motion for Summary Judgment* and Defendants' *Motion* should be denied.

## UNDISPUTED FACTS

1. On November 1, 2014, Plaintiff McDougle was arrested in Philadelphia, Mississippi. Thereafter, Plaintiff McDougle was transported to the Neshoba County Jail and incarcerated.

2. Upon Plaintiff McDougle's arrival, the police officers and the jailers with the Neshoba County Sheriff's Department, requested the paramedics, Brandi Wyatt and Dereck Moore, employed with the Neshoba County Hospital to examine and treat Plaintiff McDougle.

3. On November 2, 2014, Plaintiff McDougle was found dead in his jail cell. An autopsy report revealed that Plaintiff McDougle died of a head trauma.

## LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a)*. A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 448 (1986)). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party succeeds, the onus shifts to "the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' and designate 'specific facts showing that there is a genuine issue for trial." *Id.* at 324. The Court must "draw all reasonable inferences in favor of the nonmoving party" and "refrain from making credibility determinations or weighing the evidence." *Turner*, 476 F.3d at 343 (citation and internal quotation marks omitted).

A non-moving party can defeat a motion for summary judgment by demonstrating that evidence tendered by the moving party is itself laced with contradictions. *International Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257 (1991), *Fed. R. Civ. P. 56.*

## STATEMENT OF FACTS

On November 1, 2014, Michael McDougle, Sr., deceased, was arrested in Philadelphia, Mississippi. *(B. Seales Dep. 26:13-15; 36:7-25). See excerpt from the Deposition of Billy Seales attached hereto as Exhibit "A".* During his arrest, Plaintiff McDougle tussled with and was tasered by police officers who were employed with the City of Philadelphia Police Department. *Id.* Thereafter, Plaintiff McDougle was transported to the Neshoba County Jail and incarcerated. Paramedics, Dereck Moore and Brandi Wyatt, employed with the Neshoba County Hospital, arrived at the Neshoba County Jail at approximately 10:22 p.m. *(D. Moore Dep. 18:17-21) (B. Wyatt Dep. 15:23-24). See excerpt from the Deposition of Dereck Moore and Brandi Wyatt attached hereto as Exhibits "B" and "C".* Upon arrival, Defendants found Plaintiff McDougle in an isolation cell lying on the floor. *(D. Moore Dep. 24:11-17) (B. Wyatt Dep. 34:17-20).* At approximately 10:30 p.m., Defendants began to examine Plaintiff McDougle. *(D. Moore Dep. 19:12-16).*

The paramedics examined Plaintiff McDougle and Plaintiff McDougle's respirations and blood glucose were higher than normal. *(D. Moore Dep. 23:15-22; 26:13-21).* Even though Plaintiffs' McDougle's respirations and blood glucose were abnormal, Defendants did not treat these symptoms. *(D. Moore Dep. 28:7-12).* Notably, Defendants refused to check Plaintiff McDougle's blood pressure and temperature in accordance with checking all "vital signs" in opposition to standard protocol. *(D. Moore Dep. 29:25-30:1-2; 35:9-13).* After Defendants concluded their examination of Plaintiff McDougle, they advised the jailers and police officers to "watch [Plaintiff McDougle] and call back if need." *(B. Crockett Dep. 37:1-5). See excerpt from the Deposition of Officer Brad Crockett attached hereto as Exhibit "D".* Moreover, Plaintiff McDougle was not

transported to a hospital for treatment and additional medical assistance or opinions were not sought. *(B. Wyatt Dep. 42:4-5, 18-19).*

On November 2, 2016, Plaintiff McDougle was found dead in his jail cell. *(B. O'berry Dep. 27:10-12). See excerpt from the Deposition of Jailer Burton O'berry attached hereto as Exhibit "E."* The autopsy report indicated that Plaintiff McDougle died from head trauma. *See Death Certificate dated December 30, 2015 attached at Exhibit "F".*

## ARGUMENT AND AUTHORITIES

### I.    Plaintiffs' claim of delay/denial of medical care under *42 U.S.C Section 1983* in valid and supported.

Defendants are liable for violating Plaintiff McDougle's constitutional right to medical care, pursuant to *42 U.S. Section 1983*. Defendants allege that Plaintiffs do not have an underlying claim; however, this assertion is improper. A *42 U.S.C. Section 1983* Plaintiff must meet two elements. "First, the conduct complained of must have been committed by a person acting under the color of state law; and second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or law of the United States." *Augustine v. Doe*, 740 F.2d 322, 324-25 (5th Cir. 1984). Plaintiffs have clearly met both of these requirements, as there is no question that Defendants were acting under the color of the state law when they deprived Plaintiff McDougle of his Eighth Amendment right.

To state a violation of the Eighth Amendment claim to adequate medical treatment, Plaintiffs must establish that Plaintiff McDougle's objectively serious medical need was disregarded. *Estelle v. Gamble*, 429 U.S. 97, 104-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "In order to state a cognizable claim under the civil rights statute because of inadequate medical care, [Plaintiffs] must allege acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Id*. Deliberate indifference is defined as "conscious disregard of the harm that one's actions could do to the interests or rights of another." *Black's Law Dictionary* (9th ed. 2009).

In this instant case, Defendants were aware of Plaintiff McDougle's serious medical need and denied him access to medical treatment. Upon Plaintiff McDougle's arrival to the Neshoba County Jail, the police officers and the jailers requested Defendants to examine and treat Plaintiff McDougle as Plaintiff McDougle was incapacitated and lying on the jail floor. Defendants conducted a medical examination of Plaintiff McDougle and discovered that Plaintiff McDougle's respirations and blood glucose were higher than normal. In opposition to standard protocol, Defendants refused to check Plaintiff McDougle's blood pressure and temperature in accordance with checking all "vital signs". Even though Plaintiff McDougle's vital signs were abnormal and he was obviously injured, Defendants disregarded these symptoms and failed to administer treatment and transport Plaintiff McDougle to the hospital. Instead, Defendants advised non-medical professionals (the jailers and police officers) to monitor Defendant McDougle. Consequently, Plaintiff McDougle succumbed to his injuries and died.

Due to Defendants conscious disregard of Plaintiff McDougle's right to adequate medical care, Plaintiff died in his jail cell. Thus, this presents an issue of material fact and Defendants' *Motion* should be denied. *See Dr. Thompson's report attached hereto as Exhibit "G".*

**II.      Plaintiffs claim against Defendants are not foreclosed by qualified immunity.**

In analyzing a qualified immunity claim, the Court first asks the threshold constitutional violation question of whether, taking the facts in the light most favorable to the plaintiffs, the defendant's alleged conduct violated a constitutional right. *Lytle v. Bexar County*, Tex., 560 F.3d 404 (5th Cir. 2009). The relevant, dispositive inquiry in determining whether a right is clearly established, for qualified immunity purposes, is whether it would be clear to a reasonable official that his conduct was unlawful in the situation confronted. *Id*. at 410 *citing Saucier v. Katz*, 533 U.S. 194 (2001). If the Court answers both the constitutional violation, and the qualified immunity questions affirmatively, the official is not entitled to qualified immunity. *Id*. at 410.

The doctrine of qualified immunity bars civil liability claims against government officials unless the plaintiffs proves: "(1) the individual's conduct violates a clearly established statutory or constitutional right, and (2) his conduct was objectively unreasonable in light of the clearly established law." *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002). According to the Fifth Circuit, the first step in the two-prong analysis is to determine whether the governmental official violated a statutory or constitutional right of the plaintiff. *Id*. If the governmental official has violated the plaintiff's statutory or constitutional rights, then the plaintiff has to prove that the right was clearly established and the violation was unreasonable. *Goodman v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000). The test used for the second prong is to determine "whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Id*.

In the instant case, the question of whether Defendants denied Plaintiff McDougle's constitutional right to medical care presents issues of material fact, and the qualified immunity protection asserted by Defendants is inapplicable. As aforementioned, Plaintiff McDougle has a constitutional right to medical care in accordance with the Eighth & Fourteenth Amendments. Defendants were aware of Plaintiff McDougle's medical needs as Plaintiff McDougle was incapacitated when they arrived. Upon examination, Defendants discovered that Plaintiff McDougle's respirations and blood glucose were abnormal and Defendant still refused to check Plaintiff McDougle's blood pressure and temperature in accordance with checking all "vital signs". Further, Defendant refused to transport Plaintiff McDougle to the hospital for adequate treatment. As a result, Plaintiff McDougle succumbed to his injuries and died. Therefore, Defendants are not entitled to qualified immunity.

### III.   Plaintiffs' state law claims against Defendants are not barred by the immunities and protections of the *Mississippi Tort Claims Act*.

Immunity under the *Mississippi Tort Claims Act* ("MTCA") protects the paramedics,

Defendants, from lawsuits against them in their individual capacity arising out of the performance of the paramedics' duties. *Mississippi Code Annotated Section 11-46-7(2)* states:

> An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties. For the purpose of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any other criminal offense.

In essence, an employee can be determined to be acting outside the course and scope of employment if acting with malice. *Bridges v. Pearl River Valley Water Supply Dist.*, 793 So. 2d 584 (Miss. 2001). Malice is defined as "reckless disregard of the law or a person's legal rights." *Black's Law Dictionary* (9th ed. 2009). In this matter, the paramedics had a duty to provide standard care to Plaintiff McDougle. Defendants refused to check Plaintiff McDougle's blood pressure and temperature in accordance with checking all "vital signs" without any legitimate justification. Moreover, Plaintiff McDougle's respirations and blood glucose were determined to be abnormal, yet no treatment was administered and Defendants refused to transport Plaintiff McDougle to the hospital for additional treatment.

Plaintiff McDougle was in obvious need of medical treatment as he was injured and lying on the floor of his jail cell. Unfortunately, Defendants disregarded this need and such reckless disregard caused/contributed to Plaintiff McDougle's death. Defendants have erroneously made an attempt to relieve themselves of the consequences of their substandard care and denial of medical treatment given to Plaintiff McDougle. Resultantly, Defendants claim to immunity of the MTCA is barred.

## CONCLUSION

Defendants' *Motion for Summary Judgment* should be denied, as a matter of law, and a jury should be afforded the opportunity to determine if Defendants' actions and omissions caused the

death of Plaintiff McDougle as there are genuine issues of material fact. Moreover, Defendants are not entitled to qualified immunity as their conduct violated clearly established statutory and/or clearly established constitutional rights, and their conduct was objectively unreasonable in light of the clearly established law. Further, Plaintiffs' state law claims are not barred against Defendants due to Defendant's malicious acts. Defendant's *Motion for Summary Judgment* should be denied. *See Dr. Mitchell's Affidavit/Report attached hereto as Exhibit "H".*

**WHEREFORE, PREMISES CONSIDERED** Plaintiffs pray that this Honorable Court will deny Defendant's *Motion for Summary Judgment*. Plaintiffs also pray for all other general relief this Court deems to be fair and just.

Respectfully submitted, this the 1st day of February 2017.

**BRITTNEY MCDOUGLE, INDIVIDUALLY, AND ON BEHALF OF THE HEIRS AND WRONGFUL DEATH BENEFICIARIES OF MICHAEL MCDOUGLE, SR., DECEASED, AND THE ESTATE OF MICHAEL MCDOUGLE, THROUGH MARY MCDOUGLE, ADMINISTRATOR OF ESTATE**


  *s/ Carlos E. Moore*_____
CARLOS MOORE, MSB #100685


**OF COUNSEL:**
**MOORE LAW GROUP**
**306 Branscome Drive**
**Grenada, Mississippi 38901**
**Telephone: 662-227-9940**
**Facsimile: 662-227-9941**
**Carlos@carlosmoore.com**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing pleading was transmitted via

EFC, to the following counsel of record:

> Mark P. Caraway, Esq.
> Grafton E. Bragg, Esq.
> Wise Carter Child & Caraway P.A.
> 401 East Capitol Street, Suite 600
> Post Office Box 651
> Jackson, Mississippi 39205-0651
> mpc@wisecarter.com
> geb@wisecarter.com

**This the 1st day of February 2017.**

_s/ Carlos E. Moore_
Carlos Moore, MSB #100685