IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BRITTNEY MCDOUGLE,** *individually and*  **PLAINTIFF**
*on behalf of the heirs and wrongful death*
*beneficiaries of Michael D. McDougle, Sr.*

V.                                                          CAUSE NO. 3:15-CV-350-CWR-FKB

**NESHOBA COUNTY, MISS., ET AL.**                           **DEFENDANTS**

### ORDER

Plaintiff Brittney McDougle has filed six complaints in this case, from her original to the present fifth amended complaint. She now wants to file a sixth amended complaint. The defendants named in the fifth and sixth amended complaints—Neshoba County General Hospital, Neshoba Ambulance Enterprise, Neshoba County, Brandi Wyatt, and Dereck Moore—are, as one can imagine, exasperated. They ask the Court to bring this case to a close.

**I.     The Hospital**

In July 2016, the Court found that the second and third amended complaints failed to state a claim against the Hospital. The Hospital was dismissed.

The case proceeded against the defendants listed in the fourth amended complaint. Discovery closed and motions for summary judgment followed. Before those motions could be resolved, the Magistrate Judge convened a settlement conference where McDougle and the remaining defendants successfully resolved their dispute.

That should have been the end of it. McDougle, however, asked the Magistrate Judge for permission to file yet another complaint. She proposed reviving her claims against the Hospital and adding Hospital employees Wyatt and Moore as new defendants. Because McDougle told the Magistrate Judge that her motion was "unopposed," it was granted.

McDougle's representation was false. It turns out she had never asked the Hospital's attorneys to state a position on amending her complaint.[1] Had she done so, she must have known that the party who had been dismissed would not agree to be sued in this action again.

Misrepresenting matters to the Court, deplorable as it is, happens with some frequency. *See In re Ramos*, No. 16-10353, 2017 WL 605292, at *4 (5th Cir. Feb. 14, 2017) (collecting recent cases in which attorneys were sanctioned for misrepresentations to the Court). Whether this misrepresentation was a result of carelessness, or purposefully made and shrouded in deceit, we do not know. But we do know that McDougle's misrepresentation enabled her to avoid (1) a motion to reconsider the Hospital's dismissal, and (2) another motion for leave to amend the complaint.[2] Both would have been opposed. Both would have faced an unfavorable standard of review. *See, e.g.*, *Moore v. Bryant*, --- F. Supp. 3d ---, 2016 WL 4703825, at *18 & n.163 (S.D. Miss. Sept. 8, 2016) (denying motion to file fourth amended complaint).

In any event, the Court has now reviewed the updated allegations against the Hospital. Nothing in them warrants reconsideration of the July 2016 Order which dismissed that entity. McDougle should not have named the Hospital again in her fifth amended complaint.

The remainder of the analysis will proceed as if McDougle was requesting, for the first time, leave to amend her fifth and file her sixth amended complaints.

## II.     The Motions to Amend

Where a motion to amend the complaint is filed after the amendment deadline, a four-part test applies. The Court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment;

---

[1] The Hospital's attorneys were not participating in the settlement conference. Why should they? Their client had been dismissed, and they had not been invited to the settlement conference.

[2] Any perceived efficiency gains were illusory. The Hospital objected to being brought back as a defendant, and McDougle ended up filing a new motion for leave to amend.

and (4) the availability of a continuance to cure such prejudice." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (quotation marks, citation, and brackets omitted).

McDougle's motions to amend somehow do not mention this standard. We therefore should not be surprised that the standard is quite unfavorable to her.

First, McDougle has no explanation for the late amendment. She had previously litigated *to conclusion* her claims against Neshoba County (via settlement) and the Hospital (via Court-ordered dismissal). In other words, she had already lost her case against the Hospital. McDougle also has no explanation for why she allowed three months to pass between her deposition of Wyatt and Moore—where she apparently learned about the Ambulance Enterprise—and her attempt to add them to the complaint. We are too late in the case for such an inexplicable delay.[3]

Second, it is not clear whether the amendment is important. The proposed amended complaints are (once again) vague as to the Hospital's wrongdoing despite this Court's earlier admonition that specific facts were necessary to state a claim. As for the new individual defendants, their motions for summary judgment make a strong argument that the claims against them, at best, rise only to the level of medical malpractice—and not a constitutional violation. Still, the Court will credit this factor to McDougle out of an abundance of caution.

Third, the defendants would be prejudiced by having to defend against these new claims after discovery has been completed. *See S&W*, 315 F.3d at 536-37; *see also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (affirming district court's denial of motion to amend filed two months *before* the close of discovery because "Marriott would have been prejudiced if it had been forced to defend against a new claim and basis for recovery so late in

---

[3] It is inexplicable because McDougle's motions, which came without a supporting memorandum, offer not one reason to justify this Court permitting her to proceed with her amended complaints.

3

the litigation"). That is especially true here since Neshoba County and its Hospital have already litigated this case to conclusion.

Finally, although a continuance could be granted, the additional proceedings would cause further delay in the resolution of this (essentially already-settled) case. *See S&W*, 315 F.3d at 537. This factor does not support McDougle.

Considering all of the above, McDougle's motions to amend and file will be denied.

### III.  Conclusion

The Hospital's objection is sustained, McDougle's motions to amend and file are denied, and Wyatt and Moore's motions for summary judgment are dismissed as moot. A Final Judgment will issue upon resolution of the pending motion to amend the settlement agreement.

**SO ORDERED**, this the 27th day of February, 2017.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
